12986

SPAUGH v. A. C. L. RAILROAD CO.

(155 S. E., 145)

November, 1929.

*Mr. F. L. Willcox,* for appellant,

*Messrs. D. Gordon Baker* and *A. F. Woods,* for respondent,

October 1, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Mrs. Olive Spaugh, as plaintiff, against the defendant, Atlantic Coast Line Railroad Company, was commenced in the Court of Common Pleas for Florence County, May 18, 1929, for the purpose of recovering damages against the defendant in the sum of $2,900.00, for injury to the plaintiff, alleged to have been sustained as a result of misinformation given her by defendant's ticket agent at Florence, S. C., in regard to the train connections between the said City of Florence and the Town of Holly Hill, S. C. Issues being joined, the case was tried at the November (1929) term of said Court before his Honor, Judge William H. Townsend, and a jury. The complaint contained two causes of action. At the close of the testimony introduced on behalf of the plaintiff (the defendant offered no testimony), the defendant made a motion for direction of a verdict as to both causes of action, and his Honor granted the motion as to the second cause of action, the nature of which cause of action is not disclosed by the record; but since there is no appeal from the order as to that cause of action, we are not concerned with that question. The motion as to the other cause of action was refused, and the case was submitted to the jury. The jury rendered a verdict for the plaintiff in the sum of $1,450.00. Motion for a new trial was made by the defendant, which motion was refused. From the entry of judgment on the verdict the defendant has appealed to this Court.

The exceptions impute error to the trial Judge in the following particulars:

(1) Error in refusing to direct a verdict for defendant;

(2) Error in his Honor's charge to the jury;

(3) Error in refusing to grant defendant's motion for a new trial.

The motion for direction of a verdict was based upon several grounds, but summed up may be stated thus: (1) The plaintiff having suffered no bodily injury, she could not recover for mere mental suffering; (2) even if it be conceded that the plaintiff was injured in the nature alleged, it was not caused by the negligence of the defendant,· but was caused by her peculiar condition of which the· defendant had no notice. .

Based on the allegations of her complaint, the plaintiff offered testimony tending to establish the following facts: At the time in question the plaintiff and her husband, together with their infant children, were temporarily residing in the Town of Holly Hill, S. C., in the home of her invalid mother, having moved there temporarily because of her husband being out of work; that on the day in question, May 6, 1929, the plaintiff procured a colored woman to stay in the house with her infant children and invalid mother for the day in order to be able to go with her husband to Florence, S. C., in an automobile, for the day, where her husband went seeking employment, fully expecting to return to Holly Hill the afternoon of the same day, in time to care for her mother and infant children. After arriving at Florence in company with her husband, plaintiff learned that her husband would not be able to return to Holly Hill that afternoon, or if he did so it would be necessary for him to return to Florence that night, in order to be there early the next morning for the purpose of definitely learning about the position he was seeking—could not get definite information that day, May 6, 1929. For that reason the plaintiff and her husband decided it would be best for the plaintiff to go home on the train that afternoon, if she could make connections, so as to save her husband from having to take the long drive from Florence to Holly Hill and return from Holly Hill to Florence that night, or very early

the following morning. Accordingly the plaintiff and her husband went to the office of the defendant's passenger railway station and inquired of its agent in charge of said station about the train connections from Florence to Holly Hill, and upon being informed by said agent, after looking up the schedule, that she could go on defendant's passenger trains from Florence to Holly Hill, by way of Creston, making close connection at Creston, and arrive at Holly Hill that afternoon. At the time plaintiff's husband impressed upon the said agent of the defendant the necessity of making the connections and stated to said agent at the time that if the connection could not be made so that the plaintiff could get home that afternoon it was his purpose to take her home to Holly Hill in automobile, and explained to the agent the reason therefor, that their infant children and invalid mother of the plaintiff were at said home alone and that it was necessary for the plaintiff to get there that afternoon. On being informed at the time of said conversation by the agent that the connection would be made and that the plaintiff would arrive at Holly Hill that afternoon, the plaintiff's husband purchased from said agent ticket for transportation for the plaintiff on defendant's passenger trains from Florence to Holly Hill, by way of Creston, and paid the regular charges for the same, and the plaintiff boarded the train the agent instructed her to go on; that after traveling some distance on said train the conductor in charge thereof took up her ticket and at the time informed her that the train on which she was riding (which train plaintiff got aboard under the direction of defendant's said agent at Florence) did not make connections with the train going from Creston to Holly Hill; that the train for Holly Hill was scheduled to leave Creston before her train, on which she was riding, would arrive at Creston; and that she would not be able to get a train from Creston to Holly Hill until the following morning. On being thus informed, the plaintiff exclaimed, "What in the world am I going to

do," and commenced crying. The said conductor told the plaintiff that she might get off of that train at the next station if she desired to do so. She informed the conductor that would not help matters, that she had no funds, had only 25 cents (it appears that the husband had divided what money he had with her, giving her 25 cents and keeping 25 cents for himself; the balance of the money that he had he gave to the agent at Florence for the ticket he purchased). When the plaintiff arrived at Creston, she got off said train, went to the agent of the defendant at the station of Creston and made inquiry about the train to Holly Hill, and was informed that she would be unable to get a train to Holly Hill until the following morning, and further said that the agent at Florence should have known better than to have instructed her as related by the plaintiff. The said agent at Creston did nothing to assist the plaintiff to get to Holly Hill, and she was forced to go out into the rain and look for some way to go; that finally, after considerable effort, at the solicitation of a conductor on a passing freight train going in the opposite direction from Holly Hill, a traveling man offered to take her as far as Parler, a place on defendant's said railroad in the direction of Holly Hill, and in that way she got as far as Parler, where she remained for some time, sick and greatly distressed, fearing that her infant children and invalid mother would have to spend the night alone. After some time she succeeded in getting a ride with a farmer to Holly Hill, where she arrived sick and almost a nervous wreck. She had to go to bed on arriving, because of her sick and nervous condition, and remained in bed for perhaps two or three days, and after getting out of bed had to return to bed off and on for about two weeks; that during the trip to Holly Hill she was exposed to the bad weather, being damp and rainy, which increased her suffering; that in addition to the worry and inconvenience she was subjected to, she became highly nervous and suffered greatly and in addition to suffering from the troubles named she

also suffered from troubles peculiar to ladies, which condition was brought on her by the exposure and experience she was subjected to. According to her testimony at the trial, she had not completely recovered at that time, but still suffered.

The weight and force of this testimony was a matter for the jury, and certainly the contention of the appellant, that there was no evidence establishing that the plaintiff received bodily injuries, cannot be sustained. According to our view of the evidence on the question of bodily injury, the proof was ample, and clearly establishes that the plaintiff did receive bodily injury. In order to receive bodily injury, it was not necessary that the plaintiff should lose a limb or receive a broken limb, or to have wounds inflicted on her body. Having her nervous system injured and being made sick, in the manner she testified, constitutes bodily injury, and for which she should be entitled to recover damages in proportion to such injury, provided the proof establishes negligence on the part of defendant's agent in misinforming the plaintiff or the plaintiff's husband, acting for her, as to the train schedules between the points in question, and such negligence caused the alleged injury complained of. In this connection we desire to state that in our opinion the testimony warranted the trial Judge in submitting that issue to the jury. It is clear also, that the appellant's position, that the plaintiff could not recover for mental suffering for the reason that there was no proof of bodily injury, cannot be sustained, for, as we have shown, there is ample proof that the plaintiff suffered bodily injury. Suffering from a nervous breakdown, as a result of defendant's negligence, would support a verdict for the plaintiff, independent of any other injury she sustained. In support of the holding expressed, we call attention to the following cases: *Shepherd v. Southern Ry. Co.,* 135 S. C., 75, 133 S. E., 231; *Milhous v. Southern Ry.,* 72 S. C., 442, 52 S. E., 41, 110 Am. St. Rep., 620; *Taber*

*v. Seaboard Air Line Ry.,* 81 S. C., 317, 62 S. E., 311; *Taber v. Seaboard Air Line Ry.,* 84 S. C., 291, 66 S. E., 292, 19 Ann. Cas., 1132; *Murrell v. Charleston & W. C. R. Co.,* 115 S. C., 228, 105 S. E., 350; *Entzminger v. Seaboard Air Line Ry.,* 79 S. C., 151, 60 S. E., 441; *Campbell v. Seaboard Air Line Ry.,* 83 S. C., 448, 65 S. E., 628, 23 L. R. A. (N. S.), 1056, 137 Am. St. Rep., 824.

The allegation of error imputed to the trial Judge with regard to the charge to the jury is stated by the appellant as follows:

"4. The trial Judge erred, it is respectfully submitted, in charging the jury as follows:

" 'If you find that the plaintiff has proved that she did suffer actual physical injury, inconvenience and hardship in making the trip which she undertook in reliance upon the information given her by the ticket agent of the defendant company, then you should find a verdict in her favor as would fully and fairly compensate her for such injuries.'

"The error being that all the testimony shows that plaintiff sustained no physical injury in making the trip, and the jury should have been so directed, that no damages should have been found for mere inconvenience or hardships, which could result in neither physical nor mental injury to a normal person."

It will be observed that the alleged error is based upon the supposition that the plaintiff sustained no physical injury in making the trip. As has already been pointed out herein, this is an erroneous position, for the testimony clearly shows that the plaintiff did sustain physical injury in making the trip. Therefore the exception must be overruled.

The error charged to the trial Judge in refusing to grant defendant's motion for a new trial is based upon practically the same ground as the error charged in refusing to grant the direction of a verdict. The record discloses that the motion for a new trial was based on the minutes of the Court. The reasons we have assigned herein for overruling the ex-

ceptions in regard to the refusal of the trial Judge to grant defendant's motion for direction of a verdict we deem sufficient for overruling this exception.

The exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be and is hereby affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER, and MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH concur.