15609

CAMP, ADM'R, v. PETROLEUM CARRIER CORP. *ET AL.*

WRIGHT v. SAME

(28 S. E. (2d), 683)

(4 cases)

134

April, 1943.

*Messrs. Waring & Brockinton,* of Charleston, S. C., Counsel for Appellants,

*Mr. J. D. Parler,* of St. George, S. C., Counsel for Respondent,

January 11, 1944.

MR. ASSOCIATE JUSTICE BAKER delivered the unanimous Opinion of the Court:

The above-captioned actions having as their foundation a collision between an automobile, the property of W. B. Camp, and occupied by Clyde M. Camp, Mrs. Margaret E. Wright and Mrs. Clyde M. Camp (the last named has not brought an action for the personal injuries which she sustained) and a truck owned by Petroleum Carrier Corporation, and driven by George Aiken, Jr., were tried together in the Circuit Court and the respective appeals to this court are being likewise handled.

As a result of the collision, Clyde M. Camp was killed, Mrs. Margaret E. Wright was seriously injured, and the automobile of W. B. Camp was practically demolished.

W. B. Camp, as administrator of the Estate of Clyde M. Camp, brought an action against Petroleum Carrier Corporation (also named in the summons as defendants were George Aiken, Jr., and the truck and trailer shown in the caption) for the wrongful death of Clyde M. Camp; and a second action for the conscious pain and suffering of Clyde M. Camp. In the first-mentioned action (the wrongful death case) the only named defendant served with the summons and complaint was Petroleum Carrier Corporation. In the pain and suffering action all named defendants were served with the process. In the action by Mrs. Margaret E. Wright, through her guardian *ad litem,* only the defendant, Petroleum Carrier Corporation, was served with the summons and complaint. In the property damage case of W. B. Camp, individually, all of the defendants named in the caption were served.

Quoting from the record:

"The defendant moved for a directed verdict in the pain and suffering case and, after argument, the motion was overruled.

"The defendant moved for a directed verdict in the wrongful death case and in the personal injury case. After hearing arguments of counsel, the Court denied the motions."

The jury returned verdicts in favor of the plaintiffs (respondents) in all four cases, as follows: For the plaintiff in the wrongful death action, $3,000.00; for the plaintiff in the personal injury action, $3,000.00; for the plaintiff in the pain and suffering action, $2,000.00; and for the plaintiff in the property damage action, $2,000.00.

In the property damage action the Presiding Judge on motion of the defendants for a new trial, granted a new trial *nisi,* that is, unless the plaintiff remitted on the record so much of the verdict as exceeded $1,000.00, which the plaintiff did.

At the time of the collision, which gave rise to these actions, both the automobile and the truck were traveling on State Highway No. 2, the automobile proceeding southwardly on said highway and the truck proceeding northwardly. The automobile was being driven by Mrs. Margaret E. Wright.

The respondents claim that the truck of Petroleum Carrier Corporation came over on the wrong side of the road, at an excessive rate of speed, and that the collision and the death and injuries hereinabove referred to were the direct result of the negligent and wanton operation of the truck. The appellants claim that on the contrary the automobile came over on the truck's side of the road at a high rate of speed, and that whatever injuries and damages were suffered were due to and caused by negligence and wantonness, in the operation of the automobile.

The "Questions Involved" in this appeal are more accurately stated in respondent's brief, and are as follows:

"1. Did the Trial Judge err in permitting the introduction in evidence of the plat made by Felix A. Moorer?

"2. Did the Trial Judge err in refusing to direct a verdict for appellant in the pain and suffering action made upon the ground that there was no evidence that the deceased suffered any conscious pain?

"3. Did the Trial Judge err in refusing to grant appellant's motions for a directed verdict in the wrongful death action and in the personal injury action made upon the ground that the actions were brought against all of the defendants named therein as joint tort-feasors and, since any imputation of negligence and wantonness on the part of appellant, would necessarily be by reason of the wrongful act of the defendant, George Aiken, Jr., who was not served, a verdict against appellant alone would be illegal and could not stand?"

We think the following brief excerpt from the record will suffice to show that appellants' exception to the admission in evidence of the plat made by Mr. Moorer is not well taken.

"Felix A. Moorer was called as the next witness for plaintiff and was duly sworn, Mr. Moorer testified that he is a civil engineer and surveyor, living and practicing his profession in St. George, S. C. He testified that he had occasion to go to Highway No. 2 below Harleyville and make a survey of the place where the collision occurred; that he was accompanied by Deputy Sheriff L. A. Weeks and that he had with him a drawing of the survey.

"Mr. Brockinton objected to the introduction of the plat for the reason that the accident occurred on January 10, 1942, and the plat was not made until May, 1942, at which time the witness went to the scene of the accident with Mr. Weeks, who was not an eyewitness and that it was through the statements of Mr. Weeks to Mr. Moorer that certain entries were made on the plat. The Court stated that he would see what the witness had to say.

"The witness testified that he had indicated certain spots on the plat which he found upon the highway when he made the survey; that the spots indicated were black marks or broken places in the concrete which he found there; that the survey was made May 16, 1942, approximately four months after the accident.

"Mr. Brockinton again objected to the introduction of the plat in evidence, which objection was overruled by the Court on the ground that the witness had said that he saw the marks when a survey was made."

We have studied the record and find no evidence from which a reasonable inference can be drawn that Clyde M. Camp was conscious of any pain and suffering in the interval between his injury and death. All of the witnesses who saw or came in close contact with the body of Mr. Camp immediately after the accident testified that there

was no sign of life. A witness, James Rumph, testified that while standing on the outside of the wrecked automobile helping get Mrs. Camp out of the car, he heard a man groaning on the inside of the car, but there is no evidence that this man (the intimation and surmise being that it was Clyde M. Camp) was conscious of pain and suffering. This witness, while stating that the man was groaning, explained that he did not try to get him out of the wrecked car because the truck driver who had been inside the car said he was dead.

As stated in appellant's brief, "as a prerequisite to any recovery on account of pain and suffering, it was incumbent upon the plaintiff in the case at bar to establish that Clyde M. Camp was conscious after the collision occurred and before he died and that during such conscious period he experienced pain and suffering."

There being no evidence that Clyde M. Camp was conscious after the collision, the trial judge was in error in refusing the motion for a directed verdict.

The summons in the wrongful death action and in the personal injury action was not served upon George Aiken, Jr. The complaints allege that the death of Clyde M. Camp, and the injuries to Mrs. Wright "were due to and caused by the joint and concurrent negligence, carelessness, recklessness, wilfulness and wantonness of the defendants above named, their agents and servants * * *." George Aiken, Jr., the driver of the truck of Petroleum Carrier Corporation, is the one whose negligence, etc., alleged to have caused the injuries, and he is named as a defendant in the caption. However, it is not necessary to join in an action against the master or principal the servant or agent whose acts caused the injury complained of. One may be made a party defendant to an action only by the service of a summons upon such one. Section 427, Code of 1942. Furthermore, it is the settled law of this State that a plain-

tiff may sue one or more joint tort-feasors at his election, but when only one joint tort-feasor is sued, a recovery against such joint tort-feasor precludes the plaintiff from thereafter bringing his action against the other joint tort-feasors. See *Little v. Robt. G. Lassiter & Co.,* 156 S. C., 286, 153 S. E., 128; *Deas v. Rock Hill P. & F. Co.,* 171 S. C., 58, 171 S. E., 20.

Of course, if Aiken had been a party-defendant in these cases, that is, if he had been served with the process, and he being the agent, servant or employee of Petroleum Carrier Corporation whose negligent and wanton acts are alleged to have caused the injuries, then a verdict against the corporation alone could not stand because such judgment would be illogical. See *Chapman-Storm Lumber Corporation v. Minnesota-South Carolina Land & Timber Co. et al.,* 183 S. C., 31, 34, 190 S. E., 117; and the authorities therein cited; and the more recent case of *Carter v. Atlantic C. L. R. Co.,* 194 S. C., 494, 10 S. E. (2d), 17.

The judgments appealed from are affirmed with the exception of the judgment in the sum of $2,000.00 in the conscious pain and suffering case, and this judgment is reversed, with directions to enter judgment in behalf of the appellant under Rule 27 of this court.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGES WM. H. GRIMBALL and PHILIP H. STOLL, ACTING ASSOCIATE JUSTICES, concur.