### 1062

Steve W. WATSON and Cathy R. Watson, Respondents v. TOWN OF PENDLETON and Anderson County, South Carolina, Defendants, of whom Anderson County is Appellant. Appeal of ANDERSON COUNTY.

(363 S. E. (2d) 234)

Court of Appeals

*Michael F. Mullinax* of *Long, Thomason & Mullinax,* Anderson, *for appellant.*

*Jack F. McIntosh* and *R. Lawton McIntosh* of *McIntosh and Sherard,* Anderson, *for respondents.*

Heard Nov. 9, 1987.

Decided Dec. 7, 1987.

LITTLEJOHN, Judge:

Plaintiffs, Steve W. Watson and Cathy R. Watson, owners of a house and lot, seek damages by reason of inverse condemnation of this property by the Town of Pendleton and Anderson County. The case was tried previously and appealed to the Supreme Court of South Carolina. That Court reversed and remanded "... on the issue of damages." *Watson v. Town of Pendleton, et al.,* 289 S. C. 315, 345 S. E. (2d) 489 (1986). Apparently the new trial was granted because of an error of law as relates to determining the damages issue.

At appropriate stages of the new, now-on-appeal trial, counsel for the defendants made motions for a non-suit and for a directed verdict which were denied. Incident to the denial the judge said: "I'm going to tell the jury they have got to give your client [landowners] some money." In his charge to the jury, the judge said: "But I still want you to find a verdict for the plaintiff,...."

The forms of the verdict submitted to the jury together with instructions thereabout are not clearly set forth in the record.

The jury returned a verdict which read as follows: "We find for the plaintiff zero dollars damages." The judge accepted the verdict and proceeded to hear motions on the part of the landowners "... for a judgment notwithstanding the verdict, and for a verdict in the amount of $37,350, which is the only evidence in this case as to the value of before and after the taking." The judge granted the motion in a formal

written Order wherein he said: "The jury brought a verdict for zero damages, which was contrary to the evidence and contrary to the instructions of this court." His finding and conclusion are supported by the record. *South Carolina Highway Department v. Terrain, Inc.*, 267 S. C. 186, 227 S. E. (2d) 184 (1976). A new trial outright on the issue of damages was the result. Defendant, Anderson County, has appealed.

It is the contention of counsel that the judge erred in granting the new trial. The settlement of that issue makes unnecessary treatment of other exceptions.

In South Carolina the trial judge has a broad discretion sitting as the thirteenth juror to grant a new trial when he is convinced, as obviously here, that justice has not been done in the trial. We find no error in his ruling.

For the guidance of the trial Bench and Bar, we point out three methods which might have been used to eliminate, or at least minimize, the necessity of trying this case again.

### FIRST

The judge might have merely told the jury specifically that it was required to write a dollar-amount verdict in favor of the plaintiffs.

### SECOND

The judge might have simply refused to receive the verdict telling the jury that it was not responsive to his charge and sent it back for further deliberation with instructions to write a verdict for the plaintiffs.

### THIRD

Upon proper motion of counsel for the plaintiffs, the judge might have granted a new trial *additur* stipulating an amount which the defendants could pay to the plaintiffs as an alternate to suffering a new trial. The effect of this would be to place on the case a suggested settlement value about which the plaintiffs, having made the motion, could not complain, and the defendants need not agree to it if they preferred to try the case again.

The Order of the trial judge granting a new trial on the issue of damages alone is hereby

Affirmed.

SANDERS, C.J., and GOOLSBY, J., concur.