536 S.E.2d 663

Colleen STEVENS and Gerald Stevens as Personal Representatives of the Estate of Kevin Marc Stevens, Respondents,

v.

Edgar Daniel ALLEN and Betty D. Allen, Petitioners.

No. 25179.

Supreme Court of South Carolina.

Heard June 6, 2000.

Decided Aug. 7, 2000.

Edward R. Cole and Robert E. Davis of The Ward Law Firm, P.A., of Spartanburg, and Thomas A. McKinney, of McKinney, Givens & Assoc., LLC, of Rock Hill, for petitioners.

Daniel D. D'Agostino and Cherie R. Teat, of Roberts and D'Agostino, of York, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Stevens v. Allen*, 336 S.C. 439, 520 S.E.2d 625 (Ct.App.1999). We affirm.

## FACTS

Fifteen year old Kevin Marc Stevens was killed in a single car accident in the early morning hours of August 14, 1993, when the car in which he was riding struck a bridge and rolled down an embankment into a creek. Stevens drowned as a result. Twenty year old Edgar Daniel Allen was allegedly the driver of the vehicle.[1] The boys had been drinking and smoking marijuana prior to the accident. Stevens' parents, Colleen and Gerald Stevens, instituted these wrongful death and survival actions against Allen and his mother, Betty, the owner of the vehicle.

The jury, using special verdict forms, returned a verdict finding Stevens and Allen each 50% negligent, but awarded the Stevens "zero damages" in both the survival and wrongful death actions. The Stevens requested the trial court resubmit the matter to the jury, contending the verdicts were inconsistent; the trial court denied the motion. The court also denied their motions for a new trial *nisi additur*, and alternative motion for a new trial.

The Court of Appeals reversed. It held the jury's failure to award any damages was facially inconsistent with its assessment of liability. The Court held that, upon request, the trial court should have resubmitted the matter to the jury with instructions to either assess a definite dollar amount in damages for the plaintiff, or find in favor of the defendant.

## ISSUE

Did the Court of Appeals err in finding the verdicts inconsistent?

## DISCUSSION

In *Johnson v. Phillips*, 315 S.C. 407, 433 S.E.2d 895 (Ct.App.1993), the Court of Appeals held a verdict finding the defendant liable but awarding zero damages was inconsistent

---

1. At trial, Allen maintained he was a passenger in the vehicle and that Stevens was driving. Allen's expert pathologists, Dr. Maynard and Dr. Butts, likewise opined that Stevens was driving the vehicle at the time of the accident.

or incomplete.[2] This Court subsequently reversed *Johnson* to the extent it imposed a duty on the trial judge to reject such a verdict in the absence of an objection by either party. *See Smith v. Phillips,* 318 S.C. 453, 458 S.E.2d 427 (1995). However, we now hold that, when the issue is raised, a trial judge should resubmit a verdict assessing liability but awarding zero damages to the jury with instructions to either find for the defense or award some amount of damages.

There is a split of authority as to the appropriate response to a verdict finding in the plaintiff's favor, but awarding zero or no damages. Many jurisdictions hold that a verdict assessing liability but awarding zero damages is an invalid or inconsistent verdict upon which judgment may not be entered. *See* Annotation, *Verdict for Money Judgment which finds for Party for Ambiguous or No Amount,* 49 ALR2d 1328, nn. 2–6 (1956 & 1999 Supp.). *See also* Joseph Ashley Parr, *Berry v. Risdall: When Can We Amend the Verdict?,* 44 S.D.L.Rev. 147, n. 46 (hereinafter Parr). *See also Archer v. Grotzinger,* 680 N.E.2d 886 (Ind.1997)(jury's award of zero damages inconsistent with allocation of fault and is properly rejected by trial court).

Other jurisdictions either find no inconsistency and enter judgment for the plaintiff with no damages, or construe the verdict as being for the defendant. Parr at 171, n. 47; *see also* Annotation, 49 A.L.R.2d 1328, nn. 7–8. Cases upholding such verdicts generally do so either on the premise that the plaintiff has failed to prove the proximate cause of his damages, or that the jury, in essence, intended a defense verdict. *See Riggs v. Szymanski,* 62 Mich.App. 610, 233 N.W.2d 670, 673 (1975) (proper view of plaintiff's verdict awarding no damages is that the plaintiff failed to prove proximate cause or

---

2. In several other cases, the Court of Appeals has held such verdicts inadequate. *See Watson v. Town of Pendleton,* 294 S.C. 155, 363 S.E.2d 234 (Ct.App.1987) (pointing out 3 ways trial court may cure verdict of zero damages); *Page v. Crisp,* 303 S.C. 117, 399 S.E.2d 161 (Ct.App. 1990) (holding that where liability is admitted, plaintiff is entitled to award of damages unless proof completely fails); *Haskins v. Fairfield Elec. Coop.,* 283 S.C. 229, 321 S.E.2d 185 (Ct.App.1984)(trial court abused discretion in refusing to award wife new trial on damages on grounds of inadequacy where jury found for plaintiff but awarded no damages), *overruled in part on other grounds, O'Neal v. Bowles,* 314 S.C. 525, 431 S.E.2d 555 (1993).

any monetary loss); *Royal Indemnity Co. v. Island Lake Tp. of Mahnomen*, 177 Minn. 408, 225 N.W. 291 (1929) (plaintiff's verdict awarding damages "in the sum of none dollars" was in effect a defendant's verdict); *Barnes v. Prince*, 41 Ohio App.2d 244, 325 N.E.2d 252 (1974) (trial court should amend verdict to reflect jury's clear intent to find for the defendant where a jury returns a defective verdict awarding plaintiff no damages); *Meenach v. Triple "E" Meats, Inc.*, 39 Wash.App. 635, 694 P.2d 1125 (1985) ("$0" damage award showed jury's clear intent to render a defense verdict); *Haley v. Byers Transp. Co.*, 394 S.W.2d 412 (Mo.1965) (jury's verdict awarding no damages was really a defendant's verdict); *Flynn v. Vancil*, 41 Ill.2d 236, 242 N.E.2d 237 (1968)(where decedent was 2 week old infant with incurable congenital defect, jury could have found defendant's breach of duty resulted in no pecuniary loss to plaintiff); *Neal v. Wailes*, 346 P.2d 132 (Wyo.1959) (holding that a verdict awarding "nothing" is not a compromise verdict where the evidence supported jury's "intelligent" decision that neither party should recover); *Woodbury v. Nichols*, 797 P.2d 556 (Wyo.1990)(where there was conflicting evidence regarding damages suffered by plaintiffs, jury's award of zero damages did not "shock the conscience" of the court).[3]

The Allens urge us to adopt these latter authorities and find the jury's verdict reflective of its determination that the plaintiffs failed to prove any damages. We decline to adopt this view. Such a holding is inconsistent both with the jury's assessment of liability and with South Carolina case law.

This Court and the Court of Appeals have routinely held that to state a cause of action for negligence the plaintiff must allege facts which demonstrate the concurrence of three elements: (1) a duty of care owed by the defendant; (2) a breach of that duty by negligent act or omission; and (3) **damage proximately caused by the breach.** *Kleckley v. Northwestern Nat. Cas. Co.*, 338 S.C. 131, 526 S.E.2d 218 (2000); *Tanner v. Florence County Treasurer*, 336 S.C. 552, 521 S.E.2d 153

---

**3.** Notably, *Woodbury* specifically declined to adopt the South Carolina approach of *Toole v. Toole*, 260 S.C. 235, 195 S.E.2d 389 (1973) (holding jury's $2500.00 verdict in the plaintiff's wrongful death action for the death of their 11 year old son was whose funeral was $916.05 was so grossly inadequate as to manifestly show that jury was actuated by considerations not founded on evidence). 797 P.2d at 558.

(1999); *Garvin v. Bi–Lo, Inc.,* 337 S.C. 436, 523 S.E.2d 481 (Ct.App.1999); *Bishop v. SCDMH,* 331 S.C. 79, 502 S.E.2d 78 (1998); *Bullard v. Ehrhardt,* 283 S.C. 557, 324 S.E.2d 61 (1984); *South Carolina State Ports Auth. v. Booz–Allen & Hamilton, Inc.,* 289 S.C. 373, 346 S.E.2d 324 (1986). Accordingly, in order to find in favor of the plaintiffs under South Carolina negligence law, the jury in this case had to have found the plaintiffs proved damages proximately caused by the defendants' negligence. It is simply inconsistent with South Carolina law for this Court to attempt to construe the verdict as an indication that the jury found the plaintiffs failed to prove damages. If, in fact, the jury believed the Stevens had failed to prove any damages, then its verdict should have been for the defendants.

█ Moreover, under South Carolina law, where there is no evidence of conscious pain and suffering in a survival action, the defendant is entitled to a directed verdict. *Camp v. Petroleum Carrier Corp.,* 204 S.C. 133, 28 S.E.2d 683 (1944). Accordingly, if the jury found that Kevin Stevens suffered no conscious pain and suffering prior to his death, then, rather than finding Allen liable on the survival cause of action and awarding "zero damages,"the jury should have returned a verdict for the defense.[4]

We concur with the Court of Appeals that the verdicts here are facially inconsistent under South Carolina law, and that the proper remedy, when an objection is raised, is to resubmit the matter to the jury. *See Rhodes v. Winn–Dixie Greenville,*

---

4. The inconsistency of the verdicts in this case was exacerbated by the verdict form used. Although the form required the jury to assess a separate dollar amount of damages in the wrongful death and survival actions, it failed to separately inquire as to the defendants' liability on each cause of action. The questions did not specifically inquire as to whether or not the jury found Kevin Marc Stevens had survived the accident and/or whether the jury found he was subjected to conscious pain and suffering prior to his death. In our view, a more tailored verdict form posing such questions may have alleviated some of the inconsistency in this case. We encourage members of the bar to request the trial court to submit verdict forms more specifically tailored to the facts of each case. Moreover, the parties may wish to request, consistent with our opinion in *Camp, supra,* a jury instruction to the effect that, in a survival action, if the plaintiff fails to prove the decedent endured conscious pain and suffering, then the jury must return a verdict for the defense.

*Inc.*, 249 S.C. 526, 155 S.E.2d 308 (1967) (holding it is appropriate for trial judge to refuse to receive inconsistent verdicts; judge should recommit matter to jury with additional instructions). Upon resubmission, the trial court should instruct the jury, if requested, that it must either find in the defendant's favor or award the plaintiff at least some nominal amount of damages.[5] After the jury returns a revised verdict, it is within the province of the trial court to order a new trial nisi or a new trial absolute. *McCourt by and Through McCourt v. Abernathy*, 318 S.C. 301, 457 S.E.2d 603 (1995); *Rush v. Blanchard*, 310 S.C. 375, 426 S.E.2d 802 (1993).

## CONCLUSION

A verdict assessing liability against the defendant but awarding the plaintiff zero damages is inconsistent and contrary to South Carolina law. We hold that, if a jury finds the plaintiff has failed to prove damages proximately caused by the defendant's negligence, then its verdict should be for the defendant. We agree with the Court of Appeals' conclusion that, under South Carolina law, the proper and most consistent approach of treating such verdicts is to require, upon request, the trial court to re-submit the matter to the jury. If the jury cannot reach a consistent verdict, the trial court may then order a new trial nisi or a new trial absolute.

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

**5.** We have previously recognized that every violation of a legal right imports damage and authorizes the maintenance of an action and the recovery of at least nominal damages, regardless of whether any actual damage has been sustained. *Stephens v. Draffin*, 327 S.C. 1, 488 S.E.2d 307 (1997); *Livingston v. Sims*, 197 S.C. 458, 15 S.E.2d 770 (1941) (*citing* 1 C.J.S., *Actions*, § 8(h)); *McDaniel v. Terrell*, 1 Nott & McC. 343 (1818); *Jones v. Atlantic Coast Line R. Co.*, 108 S.C. 217, 94 S.E. 490, 491; 15 Am.Jur. *Damages*, §§ 5, 6, and 79, *overruled in part on other grounds, Santee Portland Cement Co. v. Daniel Int'l*, 299 S.C. 269, 384 S.E.2d 693 (1989). We have likewise upheld the following charge: "if no actual damages, capable of pecuniary estimation, · have been sustained, but legal right of the plaintiff has been thereby violated [through the defendant's negligence], the jury can allow only nominal damages,—as one dollar, one cent, or other inconsiderable amount,—to vindicate plaintiff's legal right." *Young v. Western Union Tel. Co.*, 65 S.C. 93, 43 S.E. 448, 450 (1903).