0992

Dorothy G. HOWARD, Respondent v. K-MART DISCOUNT STORES, Appellant.

(359 S. E. (2d) 81)

Court of Appeals

*William M. Grant, Jr.,* and *H. Sam Mabry, III,* both of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

*C. Carlyle Steele,* of *Warder & Steele,* Greenville, *for respondent.*

Heard June 16, 1987.

Decided July 20, 1987.

CURETON, Judge:

Dorothy G. Howard commenced this "slip and fall" action against K-Mart Discount Stores, alleging K-Mart negligently kept its floor in an unsafe condition, proximately causing Howard's fall and subsequent injury. A jury returned a verdict for Howard of $1,000.00 actual damages and $1,000.00 punitive damages. The trial judge denied K-Mart's motions for a directed verdict, judgment n.o.v. and a new trial. K-Mart appeals. We reverse.

Howard entered K-Mart on the morning of December 24, 1984. She testified that as she approached the store there was "a sprinkle of rain, just enough to make you open an umbrella." Upon entering the store and taking a step or two, her "heel just slid out from under" her and she fell, landing on her left hip. The K-Mart manager and a cashier immediately helped her up, and after a few minutes she continued her shopping. She testified that her leg soon began to swell, bruise, and ache. Later that day her neighbor, a nurse, took her to a hospital emergency room for treatment. She testified that her doctor advised her not to work for a week, although she stayed away from work only one day. She testified that her leg hurt for two months and she limped for six weeks, with the pain and bruise lessening gradually over that period of time.

Howard filed suit in October 1985, alleging K-Mart was negligent in failing to put floor mats down, in failing to keep the floor from becoming extremely slick, in waxing the floor to a "glass like slickness" which constituted a hazard, and in failing to warn of the dangers. She prayed for actual and punitive damages. K-Mart denied negligence and alleged Howard was contributorily negligent. Following a jury trial, Howard received a verdict for $1,000.00 actual damages and $1,000.00 punitive damages. K-Mart appeals on several issues.

K-Mart first argues that Howard presented insufficient evidence of negligence to present a jury question. We agree.

It is established law in this jurisdiction that a merchant is not an insurer of the safety of his customers, but rather owes his customer the duty to exercise ordinary care to keep his premises in a reasonably safe condition. *Young v. Meeting Street Piggly Wiggly*, 288 S. C. 508, 343 S. E. (2d) 636 (Ct. App. 1986); *House v. European Health Spa*, 269 S. C. 644, 239 S. E. (2d) 653 (1977). Judging from Howard's pleadings and evidence presented at trial, which consisted solely of her own testimony, the alleged negligence arose from waxing the floor until it was extremely slick and then neglecting to place floor mats. We note that Howard does not allege negligence on the part of K-Mart in failing to discover or warn of the presence of foreign substances on the floor. Howard testified that there

was no water or foreign matter on the floor or on her shoes. The evidence necessary to show a merchant's negligence for slippery wax or finish on a floor differs from the showing necessary where the presence of foreign substances is alleged. *Alterman Foods, Inc. v. Ligon,* 246 Ga. 620, 272 S. E. (2d) 327 (1980). The mere fact that a floor is waxed does not constitute evidence of negligence, nor does the fact that one slips and falls on a floor indicate negligence. *Case v. Cato's of North Carolina, Inc.,* 252 N. C. 224, 113 S. E. (2d) 320 (1960); *Grimes v. Home Credit Co. of Kinston,* 271 N. C. 608, 157 S. E. (2d) 213 (1967). The plaintiff must show the owner was negligent in the materials used to wax the floor or in the manner of application, which constituted the proximate cause of the injury which could not have been avoided by the plaintiff through the exercise of ordinary care. *Grimes v. Home Credit Co. of Kinston, supra; Rarus v. J. C. Penney Co.,* 39 Ill. App. (2d) 42, 187 N. E. (2d) 529 (1963); *Alterman Foods, Inc. v. Ligon, supra.*

Howard testified that the floor was evidently very slick because there was nothing on the floor or on her heel to make her fall. At one point she noted that "I didn't notice until I had slid down that it was very slick," but on cross-examination in response to the question "did the floor feel slick when you were trying to stand up," she responded, "I don't remember that it felt slick." She testified that the floor looked like it had been freshly waxed. When asked on cross-examination whether she noticed the floor being slick while standing at the service desk following the fall, she responded, "well, I just noticed how nice it looked, I really did. I don't know where [sic] it was waxed that morning but it probably had the night before." A K-Mart employee who had assisted Howard after her fall testified that she had no trouble standing in the area in high heels, and that the floor did not feel slick. She also testified that the floor would have been cleaned the night before, but she did not know when it had last been buffed or waxed. She testified there were no other falls or complaints about slippery floors that day.

Testimony that a floor was slick, without evidence that the slickness constituted an unsafe condition, is insufficient to present a jury question on a merchant's conduct in the care of his floors and its causal

relationship to the plaintiff's fall. *Rarus v. J. C. Penney Co., supra; Dixon v. Hart,* 344 Ill. App. 432, 101 N. E. (2d) 282 (1951). Here, there is a total lack of evidence of the methods used by K-Mart in waxing and maintaining its floor, or that the previous waxing was defectively performed, or that an excessive quantity of wax was used, or of any accumulation of wax at the place Howard fell, or of any negligent material or application of wax which is essential to find liability in this case. *Case v. Cato's of North Carolina, Inc., supra; Alterman Foods, Inc. v. Ligon, supra; Grimes v. Home Credit Co. of Kinston, supra.* Absent any such showing, K-Mart could not be liable for failing to warn or place mats in the area where Howard fell.

Since we find no evidence of negligence on the part of K-Mart, the trial judge committed reversible error in denying K-Mart's motions for a directed verdict, for judgment n.o.v., and for a new trial. We do not reach the other grounds urged by K-Mart for reversal.

Reversed.

GARDNER, J., concurs.

SHAW, J., concurs in result.