1952

Vanessa D. SMITH, Appellant v. WAL-MART STORES, INC., Respondent.
(427 S.E. (2d) 712)

Court of Appeals

*John P. Ford* and *Terrell T. Horne,* both of *Bryan, Bahn-muller, King, Goldman & McElveen,* Sumter, *for appellant.*

*Harry C. Wilson, Jr.,* of *Lee, Wilson & Erter,* Sumter, *for respondent.*

Heard Dec. 2, 1992; Decided Feb. 22, 1993.

Reh. Den. March 13, 1993.

LITTLEJOHN, Acting Judge:

Appellant Vanessa D. Smith (Smith) commenced this action against Wal-Mart Stores, Inc. (Wal-Mart) seeking damages for injuries sustained during a slip and fall. At the close of Smith's evidence, the trial court granted Wal-Mart's motion for directed verdict. Smith appealed. We affirm.

Smith was in Wal-Mart to have a key made. As she walked through the store, she saw shopping carts scattered in the aisle. Fogle, a Wal-Mart employee, had placed the carts around an area in the aisle as a barricade. He was cleaning wax build-up from the floor. On the floor in the barricaded area, he sprayed a foaming wax stripper to soften old wax and

then removed it with a stiff brush. With him, he had a bucket of water for cleaning his brush.

Smith started to walk past the carts and fell. She testified that after she fell, she saw Fogle, about four feet away, on his hand and knees, doing something to the floor.[1] Fogle did not see Smith until she was getting up off the floor. She had fallen inside the shopping cart area but he had not heard her move any of the carts.

Smith testified that there were no signs, ropes, barricades or caution cones in the aisle.

At the close of Smith's case, Wal-Mart moved for a directed verdict arguing that Smith failed to establish an inference of negligence or breach of duty by Wal-Mart. Moreover, even if an inference of negligence was found, Smith was clearly contributorily negligent. The trial court granted the directed verdict, stating:

> The mere fact that a person slips and falls on a floor either in somebody else's—in someone's home or his place of business is not evidence of negligence. And in this case the only testimony I can recall is she said she stepped into the area and fell. I have heard no testimony that the floor was slick.
>
> I have heard no testimony that the floor was unsafe. I've heard no testimony at all except she stepped in the area and slipped down. Case of *Howard versus K-Mart* [293 S.C. 134, 359 S.E. (2d) 81 (Ct. App. 1987)] almost directly on point[.] In that case, there was testimony about a slick floor. In that case the Supreme Court [sic] said there was not enough evidence for it to go to the jury.

Viewing the evidence in a light most favorable to Smith, we hold that the trial judge correctly applied the rule in *Howard* to this case.

The law in South Carolina is that a retailer does not insure its customer's safety but owes the customer a duty of ordinary care in keeping the premises in a reasonably safe condition. *Howard*, 293 S.C. at 136, 359 S.E. (2d) at 82; *Young v. Meeting St. Piggly Wiggly*, 288 S.C. 508, 343 S.E. (2d) 636 (Ct. App. 1986).

---

[1] However, in her deposition and on cross-examination, Smith stated that she saw the carts and Fogle before she fell.

The mere slip and fall on a floor does not constitute evidence of negligence. *Howard,* 293 S.C. at 137, 359, S.E. (2d) at 82. Moreover, evidence that the floor was slick, without evidence of a hazardous condition, does not establish an inference of negligence sufficient for presentation of the issue to the jury. *Id.* at 137, 359 S.E. (2d) at 83. Evidence must be presented of the owner's negligence in the use of or application of materials to the floor, which caused the injury. *Id.* at 137, 359 S.E. (2d) at 82.

Smith did not testify that the floor was wet or slick. She did not state that her clothes were wet after the fall, nor did she testify as to what, if any, substance was on the floor. Sufficient evidence of a dangerous condition causing Smith's fall was not presented. Therefore, the submission of the case to the jury was not warranted.

Because we find no inference of negligence by Wal-Mart, the granting of the directed verdict was proper. The order of the trial court is

Affirmed.

GOOLSBY, J., concur.

GARDNER, J., dissents in separate opinion.

GARDNER, Judge (dissenting):

I respectfully dissent. In my opinion the case of *Howard v. K-Mart,* 293 S.C. 134, 359 S.E. (2d) 81 (Ct. App. 1987), cited by the majority, is not applicable to the facts of this case. In *Howard* there was no evidence of a foreign substance on the floor where Howard, the plaintiff, fell. In *Howard* a waxed floor caused the plaintiff's fall; however, the wax was not a foreign substance and was present on the entire store floor. In *Howard* we held:

> There is a total lack of evidence of the methods used by K-Mart in waxing and maintaining its floor, or that the previous waxing was defectively performed, or that an excessive quantity of wax was used, or any accumulation of wax at the place Howard fell or any negligent material or application of wax which is essential to define liability in this case. *Id.* at 138, 359 S.E. (2d) at 83.

In the case before us, the record reflects that at the time of the fall, a store employee was applying a foam solvent, designed to dissolve wax, to the area of floor where Smith fell. The solvent was a foreign substance and not normally present on the floor as was the case of the wax in *Howard*. "The evidence necessary to show a merchant's negligence for slippery wax or finish on a floor differs from the showing necessary where the presence of foreign substances is alleged." *Id.* at 137, 359 S.E. (2d) at 83, *citing Alterman Foods, Inc. v. Ligon,* 246 Ga. 620, 272 S.E. (2d) 327 (1980). Therefore, I would hold that *Howard* is not applicable to the facts of this case.

The law is well settled in slip and fall cases regarding the existence of foreign substances on floors. While a merchant is not an insurer of the safety of his customers, he or she has a duty to exercise due care to keep his premises in a reasonably safe condition. *Shipes v. Piggly Wiggly,* 269 S.C. 479, 238 S.E. (2d) 167 (1977). To avoid a directed verdict in a slip and fall case, the plaintiff has the burden of presenting evidence from which a reasonable inference can be drawn that the storekeeper was responsible for creating the hazard which caused the fall or that he or she had actual or constructive knowledge of the existence of the hazard. *E.g., Wimberley v. Winn-Dixie,* 252 S.C. 117, 165 S.E. (2d) 627 (1969).

In this case Wal-Mart obviously had actual knowledge of the existence of the potentially dangerous condition because its employee created the condition by applying a foreign substance to the floor. Smith had no verbal or written warning of the solvent and, according to her testimony, there was no barricade to prevent her from walking in the aisle where the solvent was being applied to the floor. Therefore, I would hold that it is a reasonable inference that the use of a foamy solvent on the floor of a busy store could create a dangerous condition which very likely would cause a person who walked over it to slip, fall and injure himself or herself. Accordingly, I would hold that the trial judge erred under the circumstances of this case by directing a verdict. Whether Wal-Mart provided reasonably safe premises under the facts of this case is, in my mind, a question for the jury.

Accordingly, I would reverse.