24038

Vanessa D. SMITH, Petitioner v. WAL-MART STORES, INC., Respondent.
(442 S.E. (2d) 606)

Supreme Court

*John P. Ford* and *Terrell T. Horne, Bryan, Bahnmuller, King, Goldman, and McElveen,* Sumter, *for petitioner.*

*Harry C. Wilson, Jr., Lee, Wilson, and Erter,* Sumter, *for respondent.*

Heard Jan. 4, 1994.

Decided Mar. 21, 1994.

HARWELL, Chief Justice:

We granted Vanessa D. Smith's (Smith) petition for writ of certiorari to review *Smith v. Wal-Mart Stores, Inc.,* — S.C. —, 427 S.E. (2d) 712 (Ct. App. 1993). Smith contends that the Court of Appeals erred in affirming a directed verdict for Wal-Mart Stores, Inc. (Wal-Mart) on the ground that there was no evidence of the cause of Smith's fall. We agree and reverse.

## I. *Facts*

Smith instituted this action seeking recovery for damages she incurred as a result of falling in Wal-Mart. At trial, Smith testified that she fell while walking past some shopping carts "scattered" in an aisle, but did not say what caused her fall. Larry E. Fogle (Fogle), an employee of Wal-Mart, testified that he was cleaning wax buildup in the aisle where Smith fell

and had arranged the carts around the work area as a barricade. Fogle stated that he was using a foaming wax stripper to soften old wax, removing the wax with a stiff brush, and then cleaning the brush in a nearby bucket of water. Fogle testified that he was cleaning from the outside to the inside of the barricaded area and that Smith fell inside the barricaded area.

At the close of Smith's case, Wal-Mart moved for a directed verdict, on the ground that Smith failed to present any evidence from which a jury could infer that Wal-Mart had negligently caused her fall. The trial judge granted the motion and Smith appealed. The Court of Appeals affirmed the trial judge's ruling, holding that under *Howard v. K-Mart Discount Stores*, 293 S.C. 134, 359 S.E. (2d) 81 (Ct. App. 1987), evidence that the floor was slick, without evidence of a hazardous condition, does not establish an inference of negligence sufficient for presentation of the issue to the jury. *Smith*, — S.C. at —, 427 S.E. (2d) at 417. We granted Smith's petition for a writ of certiorari.

## II. *Discussion*

Smith contends that the Court of Appeals erred in affirming the directed verdict for Wal-Mart. We agree.

In ruling on a motion for directed verdict, the trial judge is required to view the evidence and the inferences which can reasonably be drawn from the evidence in the light most favorable to the party opposing the motion. To avoid a directed verdict in a slip and fall case, the plaintiff has the burden of presenting evidence from which a reasonable inference can be drawn that the storekeeper was responsible for creating the hazard which caused the fall or had actual or constructive knowledge of the existence of the hazard. *Wimberley v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 165 S.E. (2d) 627 (1969). The motion should be denied if the evidence yields more than one inference or if its inferences are in doubt. *Moore v. Levitre*, 294 S.C. 453, 365 S.E. (2d) 730 (1988).

The evidence in this case shows that Smith fell in an area where a Wal-Mart employee was using water and cleaning substances to remove wax buildup from the floor. Viewing the evidence *and the inferences which can be drawn from the evi-*

*dence* in the light most favorable to the nonmoving party, we find that Smith presented evidence from which a jury might infer that Wal-Mart created a hazardous condition that caused her to fall. Accordingly, the opinion of the Court of Appeals is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.