THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Kisha Crawford, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Food Lion, LLC, Respondent.
 
 
 
 
 

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No.  2011-UP-066  
 Submitted February 1, 2011  Filed
February 16, 2011

AFFIRMED

 
 
 
 Pheobe Annette Clark, of Florence, for Appellant.
 Wilson S. Sheldon, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Kisha Crawford appeals the trial court's grant of a
 directed verdict in favor of Food Lion, LLC, in her slip and fall personal injury
 action.  On appeal, Crawford argues the trial court erred in (1) directing the
 verdict when Crawford submitted evidence that the foreign substance was on the
 floor long enough to put Food Lion on notice, (2) relying on a videotape which
 was not admitted into evidence when issuing a directed verdict, and (3) excluding Crawford's estimates of
 future surgical costs.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:   
1. As to
 whether the trial court erred in directing the verdict:  Wintersteen v. Food Lion, Inc., 344 S.C. 32, 36 n.1, 542 S.E.2d 728, 730 n.1 (2001)
 (noting constructive notice is generally established through evidence the
 foreign substance was on the floor for a sufficient length of time that the
 storekeeper should have discovered and removed it); Smith v. Wal-Mart
 Stores, Inc.,  314 S.C. 248, 250, 442 S.E.2d 606, 607 (1994) ("To
 avoid a directed verdict in a slip and fall case, the plaintiff has the burden
 of presenting evidence from which a reasonable inference can be drawn that the
 storekeeper was responsible for creating the hazard which caused the fall or
 had actual or constructive knowledge of the existence of the hazard.").  
2. As to
 whether the trial court erred in relying
 on a videotape not admitted into evidence when issuing a directed verdict:  Harkins
 v. Greenville Cnty., 340 S.C. 606, 620, 533 S.E.2d 886, 893 (2000) (stating
 an issue not ruled upon by the trial judge is not preserved for appeal); IOn,
 LLC v. Town of Mount Pleasant, 338 S.C. 406, 421, 526 S.E.2d 716, 724
 (2000) (stating parties should raise all necessary issues and arguments to
 trial court and attempt to obtain a ruling).   
3. As to whether the
 trial court erred in excluding Crawford's estimates of future surgical costs:  Fields
 v. Reg'l Med. Ctr. of Orangeburg, 363 S.C. 19, 25-26, 609 S.E.2d 506, 509
 (2005) (holding the admission or exclusion of evidence in general is within the
 sound discretion of the trial court and the trial court's decision will not be
 disturbed on appeal unless it is based on an error of law or a factual
 conclusion without evidentiary support); State v. Rice, 375 S.C. 302,
 331, 652 S.E.2d 409, 424 (Ct. App. 2007) ("A business record without evidence
 about the manner in which it is prepared or the source of its information does
 not meet the requirements in either [S.C. Code] section 19-5-510 or Rule
 803(6), SCRE [Hearsay Exceptions].").  
AFFIRMED.
HUFF, SHORT, and PIEPER,
 JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.