2098

Elma D. DENTON, Respondent v. WINN-DIXIE
GREENVILLE, INC., Appellant.

(439 S.E. (2d) 292)

Court of Appeals

*Danny C. Crowe* of *Turner, Padget, Graham & Laney,*
Columbia, *for appellant.*

*Kenneth G. Goode* and *Carol A. Tolen,* both of *Goode &
Mueller,* Winnsboro, *for respondent.*

Submitted Oct. 4, 1993.

Decided Dec. 6, 1993.

BELL, Judge:

This is an action in negligence. Elma D. Denton sued Winn-Dixie Greenville, Inc. for injuries sustained when she fell in the parking lot of a Winn-Dixie grocery store. A jury returned a verdict in favor of Denton and awarded her actual damages of $10,000. Winn-Dixie moved for a judgment notwithstanding the verdict. The court denied the motion. Winn-Dixie appeals. We reverse.

The material facts are uncontroverted. Winn-Dixie ▪ built and maintained a cart "corral" in the parking lot of the grocery store. Patrons of the store were requested to return shopping carts to this area. The corral was formed by six yellow concrete dividers, each approximately six feet long and eight to ten inches high, that were placed in a U-shape. The corral was located within a parking space near the entrance of the store.

On August 20, 1990, at approximately 4:00 p.m., Denton left the Winn-Dixie grocery store and proceeded toward her car. As she approached her car, a fast-moving vehicle came toward her down the lane between the parking spaces. The lane was wide enough to accommodate two cars passing each other. As she moved out of the path of the oncoming vehicle, Denton tripped and fell on a concrete divider at the edge of the cart corral. Denton's fall occurred during clear weather and daylight hours.

Denton, a regular customer of the store for at least five years, testified that she was aware of the cart corral prior to the accident, she had noticed the corral prior to entering the store the day of the accident, and that she had noticed the corral as she exited the store on the day of the accident. She further testified the concrete dividers were not hidden from her view. She failed to step over them in her haste to avoid the oncoming car.

A merchant is not an insurer of the safety of his cus- ▪ tomers but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition. *Felder v. K-Mart Corporation*, 297 S.C. 446, 377 S.E. (2d) 332 (1989) He is not required to maintain the premises in such condition that no accident could happen to a patron using them. *See Panoz v. Gulf & Bay Corporation*, 208 So. (2d) 297 (Fla. App.) *cert. denied*, 218 So. (2d) 166 (Fla., 1968); *Gavin v. City of Chicago*, 97 Ill., 66 (1880); *Overton v. Wenatchee Beebe Orchard Co.*, 28 Wash (2d) 377, 183 P. (2d) 473 (1947)

In *Bruno v. Pendleton Realty Company*, 240 S.C. 46, 124 S.E. (2d) 580 (1962), a customer in a shopping center tripped and fell on a five-inch elevation where one walkway joined another. The court noted the difference in the levels of the walkways but stated:

> Generally, it is not negligence to maintain under appropriate circumstances, different levels in approaches to places of business. The mere fact that there is a difference between the levels in the different parts of the premises does not, in itself, indicate negligence unless, owing th the character, location and surrounding condition of the change of level, a reasonably careful person would not be likely to expect or see. . . . [A] step-down or a step-up upon premises does not, in and of itself, constitute negligence.

*Id.* at 51, 124 S.E. (2d) at 582 (citation omitted).[1]

In this case, the cart corral was in the parking lot to keep wayward grocery carts from interfering with pedestrian and vehicular traffic. It was foreseeable that grocery carts left by customers in parking spaces or traffic lanes could cause accidents. Thus, the cart corral was itself a safety device, appropriately and reasonably maintained under the circumstances. The corral was not materially different from speed bumps, curbing or concrete dividers at the head of parking spaces— all of which are commonly found in or along public streets and places to park. Accidents may happen around these structures as they do on steps, escalators and other raised structures. This does not mean they are unreasonably dangerous or that a person exercising due care would not have them on the premises. They are, in fact, common structures that a person taking reasonable care for his own safety would likely expect and see while on the premises.

Denton admits she saw the clearly visible dividers but that she was preoccupied with the oncoming car and tripped. No evidence was presented that Winn-Dixie was responsible for the speeding car. In these circumstances, Winn-Dixie was under no duty to warn of the cart corral or to fence it off from the rest of the parking lot.[2] Based on the evidence presented,

---

[1] In *Bruno* the Court found the condition was latent, an element not present in this case.

[2] The shopping cart corral had no railing around it. Denton testified that if there had been railings around the area, she might still have tripped but she could have caught hold of a railing to prevent, or lessen the severity of, her fall. This testimony was mere speculation. Moreover, the installation of a railing could foreseeably lead to other accidents. For example, a child might be attracted to climb on the railing whence it could fall and injure itself. Winn-Dixie had no duty to make the parking lot accident-proof.

the circuit court should have entered judgment notwithstanding the verdict. *See Panoz v. Gulf & Bay Corporation, supra* (affirming entry of judgment n.o.v. after jury verdict for golf course patron who fell from a wooden bench on premises).

Reversed.

SHAW, and CONNOR, JJ., concur.