493 S.E.2d 111

**Allan SHAIN, Appellant,**

v.

**LEISERV, INC., Respondent.**

**No. 2739.**

Court of Appeals of South Carolina.

Submitted Oct. 8, 1997.

Decided Oct. 20, 1997.

Douglas F. Patrick, Greenville, for appellant.

William S. Brown, Greenville, for respondent.

GOOLSBY, Judge:

Allan Shain appeals the grant of summary judgment to Leiserv, Inc., in a slip and fall action. We affirm.[1]

Viewing the facts in the light most favorable to Shain, we find as follows.

Shain, an experienced bowler, went bowling with Ron Barbee and Tony Brown, his brothers-in-law, at the Brunswick Hampton Bowling Alley on April 18, 1992, in the early evening. Leiserv owns the bowling alley. Shain was using a slide enhancer on his shoes to reduce friction and to allow him to slide more easily on the floor. Shain, Brown, and Barbee had bowled one entire game without incident. During the second game, however, Shain crossed the foul line after delivering his bowling ball. After crossing the foul line, Shain slipped and fell in the lane, injuring his arm and wrist.

After the fall, Shain's clothing was covered with conditioning oil that left spots and stains. In attempting to assist Shain, Brown himself was almost injured. Following the incident, Brown and Barbee observed employees of the bowling alley mopping the lane Shain and they had been using.

The bowling alley applies a conditioning oil to its lanes to reduce friction between the bowling ball and the surface of the lanes to prevent the ball from veering off to either side after being thrown. The oil is placed on the lanes from the foul line to a point about 28 feet from the foul line toward the pins.

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

Mary L. Froelich, who was responsible for the maintenance of the bowling alley, testified the American Bowling Congress requires the bowling alley to apply a certain minimum number of units to the bowling lanes. There is no evidence the bowling alley applied less than the minimum number of units to the lanes. Froelich further testified the machine used to spread the conditioner does not always do its job properly, which could result in an uneven application. Because, however, the conditioner is clear, it is not possible to tell visually exactly how much conditioner has been applied to any one particular place.

The trial court granted Leiserv's motion for summary judgment, holding Shain failed to present evidence of a defective condition at the bowling alley. Specifically, the trial court determined absent any testimony regarding the maximum amount of conditioner to be used, there was no evidence the conditioner was defectively applied.

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *City of Columbia v. ACLU,* 323 S.C. 384, 475 S.E.2d 747 (1996). All reasonable inferences must be considered in the light most favorable to the non-moving party. *Cafe Assocs. v. Gerngross,* 305 S.C. 6, 406 S.E.2d 162 (1991).

To prove negligence in a slip and fall case, a plaintiff must show the defendant or defendant's agents either created a hazardous condition or had notice of it. *Cook v. Food Lion,* 328 S.C. 329, 491 S.E.2d 690 (Ct.App. 1997). Here, because Leiserv or its agents created the condition at issue, namely the slippery surface of the bowling lane in the area beyond the foul line, the key question is whether Shain presented sufficient evidence to create an issue of fact as to whether this condition was indeed hazardous. Such evidence must show Leiserv was negligent either in using the materials to condition the floor or in the manner of application. *Howard v. K–Mart Discount Stores,* 293 S.C. 134, 359 S.E.2d 81 (Ct.App. 1987).

Here, Shain concedes the bowling alley uses the conditioner to reduce the friction between the bowling ball and lane, thus enabling the ball to travel toward the pins without veering off

to the side. He contends, however, questions of fact exist as to (1) whether it was proper for the bowling alley to start applying the conditioner at the foul line, and (2) whether the bowling alley used an excessive amount of conditioner on the night in question.

■ We have found no evidence supporting Shain's argument that it was improper for the bowling alley to start applying the conditioner at the foul line. To the contrary, the rules of the American Bowling Congress, which were included in the record on appeal, mandate that conditioner be applied beginning at the foul line, and Shain failed to produce a witness to refute this requirement.

■ In support of his second argument, Shain cites Mary Froelich's testimony that the machine used to spread the conditioner did not always operate properly, possibly resulting in an uneven application of conditioner. This testimony, in our view, is at best only speculative evidence that the bowling alley used more than the usual amount of conditioner on the particular date in question. *Cf. Smith v. Wal–Mart Stores,* 314 S.C. 248, 442 S.E.2d 606, 607 (1994) ("To avoid a directed verdict in a slip and fall case, the plaintiff has the burden of presenting evidence from which a *reasonable* inference can be drawn that the storekeeper was responsible for creating the hazard which caused the fall. . . .") (emphasis added).

■ The trial court further held Shain failed to present any testimony regarding the proper amount of conditioner to be applied to a lane. In response to this determination, Shain argues, it is "not the bowlers' job to know the proper amount of oil the bowling alley should place upon its lanes." Although Shain may be correct that a bowler is not necessarily required to know how much conditioner is to be applied to a bowling lane, he overlooks the fundamental principle that he, as the plaintiff in a negligence case, has the burden of establishing the duty of care owed to him. *Rickborn v. Liberty Life Ins. Co.,* 321 S.C. 291, 468 S.E.2d 292 (1996). In our view, the fact that the allegedly hazardous condition serves a specific purpose, that of reducing the friction between the bowling ball and the lane surface, only enhances the importance that this burden be met in the present case. *Cf. Denton v. Winn–Dixie Greenville, Inc.,* 312 S.C. 119, 439 S.E.2d 292 (Ct.App.1993)

(holding a grocery store was not negligent in building and maintaining a clearly visible cart corral parking lot to keep wayward grocery carts from interfering with pedestrian and vehicular traffic).

As to Shain's argument that there is a question of fact for the jury on the existence of an adequate warning, we agree with Leiserv this issue was not ruled on by the trial court and therefore is not preserved for appeal. *Hendrix v. Eastern Distribution, Inc.,* 320 S.C. 218, 464 S.E.2d 112 (1995).

AFFIRMED.

CURETON and CONNOR, JJ., concur.