523 S.E.2d 481

**Linda GARVIN, Appellant,**

v.

**BI–LO, INC., Respondent.**

**No. 3057.**

Court of Appeals of South Carolina.

Submitted Oct. 5, 1999.

Decided Oct. 18, 1999.

Rehearing Denied Dec. 25, 1999.

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, of Charleston, for Appellant.

Heather Coleman, of Martin Law Firm, of Charleston, for Respondent.

ANDERSON, Judge:

Linda Garvin was injured when cans fell from a display of canned goods at a Bi–Lo grocery store and struck her in the face. The trial court granted summary judgment in favor of Bi–Lo. Garvin appeals, asserting a genuine issue of material fact existed as to Bi–Lo's breach of its duty to Garvin. We reverse and remand for trial.[1]

## FACTUAL/PROCEDURAL BACKGROUND

Garvin was shopping at Bi–Lo # 284 in Monck's Corner when she saw a display of canned items advertised at four for

---

1. Because oral argument would not aid the Court in resolving the Issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

$1.00. The items were stacked in the boxes they had been shipped in, with the tops of the boxes cut off. There were approximately twenty-four cans in each box. According to Garvin, she reached up and took two cans off the top and placed them in her shopping cart. She then reached back to get two more cans, but before she touched them, approximately fifteen cans came tumbling down. Some of the cans hit Garvin in the face, cutting her above her lip. A store employee gave her ice to stop the bleeding.

During Garvin's deposition, defense counsel for Bi–Lo asked Garvin what she thought caused the cans to fall. Garvin stated, "That I don't know. I cannot say." She testified she did not notice whether the cans were unstable. She just reached for the cans on the top, and there were no other items above them. She could not remember exactly how high the boxes were stacked, but said they were stacked higher than her head, and she is 5'2".

Bi–Lo moved for summary judgment "on the basis of lack of constructive or actual notice on the part of Defendant Bi–Lo *and that it took all reasonable measures in the operation of its store.*" (Emphasis added.) The trial judge, in a form order, granted Bi–Lo's motion for summary judgment. During the hearing, he stated there was no evidence the store was on notice there was a problem with cans falling or had committed a negligent act that caused the cans to fall. He explained his ruling as follows:

We can't say that the stacking of cans is a dangerous, inherently dangerous situation, it's not.

Now, it may be dangerous to someone who is five-two, but that's not before me, because I don't have any evidence to say that.

I don't have anything other than the fact that the cans fell, to say that the cans were stacked improperly or inadequately. There's nothing to suggest that.

The judge added:

The [South Carolina Supreme] Court has consistently held that a business is not an insurer of the safety of its patrons and the liability to a business invitee is predicated upon negligence.

Negligence is not presumed and the happening of an accident does not establish negligence. The burden is upon the plaintiff to establish negligence and proximate cause.

. . . .

Certainly I agree with you a hundred percent and the standpoint of [sic], is it foreseeable that if it's first, a dangerous condition or they were negligent, could it be foreseeable that somebody could be pull [sic] it over on them? Absolutely. No question about it.

If we are at that point, I don't have any hesitancy in denying summary judgment, but I'm not there. All I have is a stacking of cans.

I do not have anything to suggestions [sic] that it was negligent or there was anything negligent or inherently dangerous about it.

If I would have had cans falling, several, before any evidence, any evidence, for cans to fall, then maybe you've got something.

At least from this standpoint, a reasonable inference of hey, you've been warned to that, you need to look at how you're stacking your merchandise, I have no problem with that.

But I don't have that. This is apparently, from everything before me, a first time basis.

Garvin, in her affidavit, avers: "The reason that the cans fell was because they were stacked up at the end of an isle [sic, aisle] and they were stacked higher than I could reach. The cans were not on shelves but rather stacked from [the] floor to a point over my head. These cans were on special sale, 4 for $1.00[.] As I attempted to take the cans off the top, I reached as high as I possibly could, but the cans still fell and struck me, causing me the injuries that are set forth in the complaint." Garvin appeals the grant of summary judgment to Bi–Lo.

## ISSUE

Did the trial court err in granting summary judgment to Bi–Lo because a genuine issue of material fact existed about whether Bi–Lo breached its duty to Garvin?

## STANDARD OF REVIEW

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. *See also Tupper v. Dorchester County*, 326 S.C. 318, 487 S.E.2d 187 (1997).

Under Rule 56(c), SCRCP, the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact. *Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 410 S.E.2d 537 (1991). Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. Rather, the non-moving party must come forward with specific facts showing there is a genuine issue for trial. Rule 56(e), SCRCP; *SSI Med. Servs., Inc. v. Cox*, 301 S.C. 493, 392 S.E.2d 789 (1990); *NationsBank v. Scott Farm*, 320 S.C. 299, 465 S.E.2d 98 (Ct.App.1995).

In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *Summer v. Carpenter*, 328 S.C. 36, 492 S.E.2d 55 (1997); *Hamiter v. Retirement Div. of South Carolina*, 326 S.C. 93, 484 S.E.2d 586 (1997); *City of Columbia v. American Civil Liberties Union*, 323 S.C. 384, 475 S.E.2d 747 (1996).

## LAW/ANALYSIS

Garvin contends the trial judge erred in granting Bi–Lo's motion for summary judgment. She argues: (1) the record established a genuine issue of material fact as to Bi–Lo's breach of a duty owed to her; (2) the judge improperly weighed the parties' affidavits and determined Garvin was not entitled to prevail on the facts instead of determining whether the deposition and affidavits created a genuine issue of material fact; and (3) the judge refused to apply South Carolina law to determine if an issue of fact existed as to whether Bi–Lo

breached its duty by carelessly stacking cans for reduced sale, knowing that such cans have a propensity to fall. We agree.

In granting summary judgment for Bi–Lo, the trial judge found: (1) Bi–Lo had no notice of the existing problems with falling cans; and (2) Garvin could point to no specific act or omission by Bi–Lo that caused the cans to fall on top of her. Therefore, the trial judge determined Garvin did not establish a genuine issue of material fact as to whether Bi–Lo had committed a breach of duty that would constitute a negligent act. The Court held there was no evidence from which a jury could find Bi–Lo had failed to keep its premises reasonably safe under these circumstances.

At the hearing on the summary judgment motion, Garvin maintained a jury question was created as to whether Bi–Lo should not stack the cans "higher than somebody can reach." Garvin's counsel professed it was only natural that in a tall display of sale items, people were going to "start grabbing them," and the purpose of the display was "to entice people to do precisely what Ms. Garvin did, which was reach up and grab them." He claimed "it then becomes at least a jury issue as to whether or not a reasonable person would have stacked cans in that fashion and advertised them for sale." Garvin challenged she did not have to prove notice of a condition that the defendant admits creating.

■ To survive the motion for summary judgment, Garvin needed to demonstrate a genuine issue of material fact existed regarding the elements of negligence. In order to establish liability, the plaintiff must show: (1) a duty of care owed to the plaintiff by the defendant; (2) a breach of that duty by some act or omission; and (3) that the plaintiff suffered damages as a proximate result of the breach. *Staples v. Duell,* 329 S.C. 503, 494 S.E.2d 639 (Ct.App.1997).

■ "In a negligence action, the determination of whether a party has a duty to exercise reasonable care for the benefit of another is a question of law for the court. If the court determines there is such a duty, the jury's function is to determine whether a breach of that duty has occurred, resulting in damages." *Creighton v. Coligny Plaza Ltd. Partnership,* 334 S.C. 96, 114, 512 S.E.2d 510, 519 (Ct.App.1998).

## I. Notice by Store

The plaintiff must show either: (1) the defendant or the defendant's employees *created* the condition *or;* (2) the defendant had notice of it. *Cook v. Food Lion, Inc.,* 328 S.C. 324, 491 S.E.2d 690 (Ct.App.1997), *cert. denied* (1998). In *Cook,* a customer alleged she was injured as a result of a fall caused by a floor mat which had admittedly been placed on the floor by store employees. This Court reversed the trial judge's grant of a directed verdict in favor of the store. We held the customer was not required to show the store had notice of the danger created by the mats, because the store employees *created* the allegedly dangerous condition by placing the mats by the exit doors. It was not necessary for the customer to show the store had notice that the floor mats were wrinkled or bunched immediately prior to the customer's accident.

Similarly, in *Smith v. Wal–Mart Stores, Inc.,* 314 S.C. 248, 442 S.E.2d 606 (1994), our Supreme Court held the trial judge erred in granting a directed verdict because the plaintiff did not say what caused her accidental fall in the store. The Court found there was more than one reasonable inference from the evidence, including the inference the storekeeper was responsible for creating the hazard which caused the accident, therefore it created a jury issue.

Because Bi–Lo created the alleged hazard by stacking the cans, Garvin was not required to show Bi–Lo had notice of any problems with the display.

## II. Duty to Invitee

In this case, Garvin was an invitee to a business establishment:

> The invitee in South Carolina is defined in *Parker v. Stevenson Oil Co.,* as one who enters upon the premises of another at the express or implied invitation of the occupant, especially where he is on a matter of mutual interest or advantage, 245 S.C. 275, 140 S.E.2d 177 (1965).

*Crocker v. Barr,* 305 S.C. 406, 411–12, 409 S.E.2d 368, 371 (1991). A person owes an invitee the duty of exercising reasonable or ordinary care for her safety, and is liable for any injury resulting from the breach of this duty. The degree

of care required must be commensurate with the particular circumstances involved, including the age and capacity of the invitee. *Henderson v. St. Francis Community Hosp.*, 303 S.C. 177, 399 S.E.2d 767 (1990).

■ "This duty is an active or affirmative duty. It includes refraining from any act which may make the invitee's use of the premises dangerous or result in injury to him." *Hughes v. Children's Clinic, P.A.*, 269 S.C. 389, 397, 237 S.E.2d 753, 756 (1977). In *Hughes*, the Court stated it is not necessary that the precise manner in which the injuries were sustained be foreseeable; rather:

> It is sufficient that there is a reasonable generalized gamut of greater than ordinary dangers of injury and that the sustaining of the injury was within this range.... It was, therefore, a jury question whether the defendant provided reasonably safe premises ... for the use of the ... invitee....

*Id.* at 397–98, 237 S.E.2d at 757 (quoting *Orr v. First National Stores, Inc.*, 280 A.2d 785 (Me.1971)).

■ "It has long been the law in South Carolina that a merchant is not an insurer of the safety of his customer but owes them only the duty of exercising ordinary care to keep the premises in reasonably safe condition." *Milligan v. Winn–Dixie Raleigh, Inc.*, 273 S.C. 118, 120, 254 S.E.2d 798, 799 (1979) (quoting *Pennington v. Zayre Corp.*, 252 S.C. 176, 165 S.E.2d 695 (1969)). *See also Denton v. Winn–Dixie Greenville, Inc.*, 312 S.C. 119, 439 S.E.2d 292 (Ct.App.1993); *Young v. Meeting Street Piggly Wiggly*, 288 S.C. 508, 343 S.E.2d 636 (Ct.App.1986). The duty of ordinary care includes the duty to keep the aisles and passageways in a reasonably safe condition. *Moore v. Levitre*, 294 S.C. 453, 365 S.E.2d 730 (1988); *Cook v. Food Lion, Inc.*, 328 S.C. 324, 491 S.E.2d 690 (Ct.App.1997).

■ While the issue of falling merchandise has not been addressed by the courts of this state, the general rule has been stated:

> [S]tore owners are under a duty to so display their goods that they will not ordinarily fall and injure customers who are in the exercise of ordinary care for their own safety; this includes a duty to take reasonable measures to guard

against injuries caused by the falling of stacked merchandise which may result from the actions of other customers.

62A Am.Jur.2d *Premises Liability* § 595 (1990). *See also, Wooley v. Great Atlantic & Pacific Tea Co.,* 180 F.Supp. 529 (W.D.Pa.1960), *aff'd* 281 F.2d 78 (3rd Cir.1960); *Keith v. S.S. Kresge Co.,* 29 N.C.App. 579, 225 S.E.2d 135 (1976).

### III. Breach of Duty

Questions of negligence, proximate cause and contributory negligence are ordinarily questions of fact for the jury, as to which the trial court's only function is to inquire whether particular conclusions are or not the only reasonable inferences to be drawn from the evidence.

*Kennedy v. Custom Ice Equipment Co., Inc.,* 271 S.C. 171, 246 S.E.2d 176 (1978) (*quoting Wilson v. Marshall,* 260 S.C. 271, 195 S.E.2d 610 (1973)).

A plethora of cases have established a duty of exercising reasonable care is owed to an invitee. *See Henderson, supra; Graham v. Whitaker,* 282 S.C. 393, 321 S.E.2d 40 (1984); *Hughes, supra.* If any reasonable inferences exist which tend to show negligence, then it was a question for the jury and not the court to determine if Bi–Lo was liable for Garvin's injuries.

We cannot say as a matter of law the only reasonable inference from all the facts of this case is Bi–Lo was not negligent. The facts show Bi–Lo created the display of cans by stacking them over 5 foot 2 inches tall and advertised them for reduced sale. The injuries Garvin sustained by cans falling from the display are within the "reasonable generalized gamut of greater than ordinary dangers of injury." *Hughes, supra.* One reasonable inference is when can goods are stacked and advertised for reduced sale, people will be attracted to the display and will do just as Garvin did, reach up and grab the cans, which can cause the cans to fall. The jury, not the Court, should determine if a reasonable person would display canned goods in the manner chosen by Bi–Lo. A jury issue exists as to whether Bi–Lo maintained its premises in a reasonably safe condition.

446

### CONCLUSION

We hold Garvin was not required to show Bi–Lo had notice of previous problems with the display, since the store's employees created the alleged hazard. We rule Bi–Lo had a duty to Garvin as an invitee to keep the premises reasonably safe. A material question of fact exists as to whether Bi–Lo maintained safe premises or whether the display of stacked cans was unreasonable. Accordingly, the grant of summary judgment in favor of Bi–Lo is

**REVERSED AND REMANDED.**

GOOLSBY and CONNOR, JJ., concur.