541 S.E.2d 831

**Linda GARVIN, Respondent,**

v.

**BI–LO, INC., Petitioner.**

No. 25245.

Supreme Court of South Carolina.

Heard Nov. 2, 2000.

Decided Feb. 5, 2001.

Rehearing Denied March 7, 2001.

626

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, of Charleston, for respondent.

C. Mitchell Brown and Steven A. McKelvey, Jr., of Nelson, Mullins, Riley & Scarborough, of Columbia, Rivers S. Stilwell, of Nelson, Mullins, Riley & Scarborough, of Greenville, and Heather K. Coleman of Martin Law Firm, of Charleston, for petitioner.

WALLER, Justice:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Garvin v. Bi–Lo,* 337 S.C. 436, 523 S.E.2d 481 (Ct.App.1999). We reverse.

## FACTS

The pertinent facts, as set forth by the Court of Appeals, are as follows:

> Garvin was shopping at Bi–Lo # 284 in Monck's Corner when she saw a display of canned items advertised at four for $1.00. The items were stacked in the boxes they had been shipped in, with the tops of the boxes cut off. There were approximately twenty-four cans in each box. According to Garvin, she reached up and took two cans off the top and placed them in her shopping cart. She then reached back to get two more cans, but before she touched them, approximately fifteen cans came tumbling down. Some of the cans hit Garvin in the face, cutting her above her lip. A store employee gave her ice to stop the bleeding.

337 S.C. at 438–39, 523 S.E.2d at 482. Garvin filed suit against Bi–Lo alleging, *inter alia,* Bi–Lo had negligently created a condition which was dangerous to its invitees. Bi–Lo was granted summary judgment on the ground that a) Bi–Lo had no notice of a problem with cans falling, and b) there was no evidence Bi–Lo committed a negligent act which caused the cans to fall. The Court of Appeals reversed, finding a genuine issue of material fact as to whether or not Bi–Lo had negligently stacked the cans.

## ISSUE

Did the Court of Appeals err in reversing the trial court's grant of summary judgment in favor of Bi–Lo?

## DISCUSSION

Bi–Lo contends the allegations upon which Garvin bases her claim of negligence are insufficient to create a jury question as to whether the display created a dangerous condition. We agree.

A merchant is not an insurer of the safety of his customer but owes only the duty of exercising ordinary care to keep the premises in reasonably safe condition. *Pennington v. Zayre Corp.*, 252 S.C. 176, 165 S.E.2d 695 (1969). To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it. *Anderson v. Racetrac Petroleum Inc.*, 296 S.C. 204, 371 S.E.2d 530 (1988); *Pennington v. Zayre Corp.*, 252 S.C. 176, 165 S.E.2d 695 (1969); *Hunter v. Dixie Home Stores*, 232 S.C. 139, 101 S.E.2d 262 (1957); *Cook v. Food Lion, Inc.*, 328 S.C. 324, 491 S.E.2d 690 (Ct.App.1998).

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and the conclusions and inferences to be drawn from the facts are undisputed. *Etheredge v. Richland County School Dist. One*, 341 S.C. 307, 534 S.E.2d 275 (2000). In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the nonmoving party. *Id.*

The evidence relied upon by Garvin is as follows: 1) the cans were stacked in their original boxes at the end of an aisle, 2) the cans were stacked above Garvin's height of 5'2" tall, and 3) the cans were put on sale at four for one dollar. This evidence is insufficient, as a matter of law, to demonstrate the store created a dangerous condition. Absent evidence of some defective manner of stacking the boxes, or that

Bi–Lo was on notice that the stacked cans had become rickety, there is simply no evidence from which a jury could find a dangerous condition was created by Bi–Lo. *Cf. Chaslon v. Waldbaum, Inc.*, 266 A.D.2d 177, 697 N.Y.S.2d 342 (1999) (in absence of any evidence display was defective or that defect in display was cause of bottle falling, which caused plaintiff's accident, store was entitled to summary judgment). To accept Garvin's contention would render Bi–Lo an insurer of its customers' safety. This is simply not the law in South Carolina. *See Felder v. K–Mart*, 297 S.C. 446, 377 S.E.2d 332 (1989) (merchant is not an insurer of the safety of his customers but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition).[1]

Accordingly, in the absence of evidence Bi–Lo created a dangerous condition, there is no genuine issue of material fact such that summary judgment was properly granted by the trial court. The Court of Appeals' opinion is

REVERSED.

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

1. A merchant is not required to maintain the premises in such condition that no accident could happen to a patron using them. *Denton v. Winn–Dixie Greenville, Inc.*, 312 S.C. 119, 439 S.E.2d 292 (Ct.App. 1993).