THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Melva Vatick,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Federal Credit Union,       
Respondent.
 
 
 

Appeal From Charleston County
Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2004-UP-191
Submitted March 8, 2004  Filed March 
 22, 2004

AFFIRMED

 
 
 
Reese I. Joye and J. Craig Smith, of N. Charleston; Stephen 
 L. Brown, of Charleston; for Appellant.
Andrea St. Amand and Richard A. Farrier, Jr., of Charleston; 
 for Respondent.
 
 
 

PER CURIAM:  Melva Vatick 
 filed a negligence suit against South Carolina Federal Credit Union for damages 
 incurred when she fell after using Credit Unions automatic teller machine.  
 At the close of Vaticks case, the trial court granted Credit Unions motion 
 for a directed verdict.  Vatick appeals.  We affirm. 
 [1] 
FACTS
Vatick, a customer of Credit 
 Union, routinely used its automatic teller machine (ATM).  Vatick testified 
 that she always parked her car in front of the building and walked to the ATM, 
 which included climbing one step from the pathway to the ATM enclosure.  Vatick 
 testified she would then withdraw money from the ATM and immediately count it.   

On the day in question, Vatick drove 
 to Credit Union, accompanied by her nephew.  Due to construction outside of 
 Credit Unions building, Vatick was forced to park on the right side of the 
 building, in a space where she never parked before. 
 [2]   Vatick parked the car and walked over to the ATM.  Vatick testified 
 that she walked through the construction site along a path that included two 
 steps in order to reach the ATM.  Vatick stated that she saw red cones in the 
 construction area and agreed with defense counsels contention that such cones 
 generally indicated that one should proceed with caution.  However, Vatick 
 testified there were no warning signs, handrailings, or personnel from Credit 
 Union present at the site to warn her to watch her step.    
While Vatick stated the path through 
 the construction site was narrow, Vatick did not require her nephews assistance 
 to reach the ATM.  In fact, Vatick successfully navigated the parking lot, the 
 temporary path, and the two unfamiliar steps up to the ATM.  Vatick testified 
 the steps to the ATM were not obstructed.  After Vatick used the ATM, she began 
 to count her money.  She testified that she was intrigued by the design of 
 the new twenty-dollar bill, and began to walk back to her car while looking 
 at the bill.  Vatick fell down the two steps on the temporary path and was injured.  
 She filed a complaint alleging Credit Union was negligent, reckless, and breached 
 the duties owed to her.  
At the close of Vaticks case, 
 Credit Union moved for a directed verdict.  The trial judge granted the motion.  
 Though Vatick filed a motion for reconsideration under Rule 59(e), SCRCP, it 
 was denied.  
STANDARD OF REVIEW
In deciding whether to grant 
 or deny a directed verdict motion, the trial court is concerned only with the 
 existence or non-existence of evidence.  Sims v. Giles, 343 S.C. 708, 
 714, 541 S.E.2d 857, 861 (Ct. App. 2001).  This court can reverse the trial 
 court only when there is no evidence to support the ruling below.  Sabb v. 
 South Carolina State Univ., 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002).
LAW/ANALYSIS
Vatick
argues the trial court erred in granting Credit Unions motion for a directed
verdict.  We do not agree.
 In order to establish a claim 
 for negligence, the plaintiff must prove the following elements:  1) a duty 
 of care owed by the defendant to the plaintiff; 2) a breach of that duty by 
 the defendants negligent act or omission; 3) the plaintiff was damaged; and 
 4) the damages proximately resulted from the breach of the duty.  Thomasko 
 v. Poole, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002).  In a negligence 
 action, the court must determine, as a matter of law, whether the defendant 
 owed a duty of care to the plaintiff.  Faile v. South Carolina Dept of 
 Juvenile Justice, 350 S.C. 315, 334, 566 S.E.2d 536, 545 (2002) (citation 
 omitted); see also Doe v. Batson, 345 S.C. 316, 322-23, 
 548 S.E.2d 854, 857 (2001) (An essential element in a cause of action for negligence 
 is the existence of a legal duty of care owed by the defendant to the plaintiff.).    
 A merchant is not an insurer 
 of the safety of his customer but owes only the duty of exercising ordinary 
 care to keep the premises in reasonably safe condition.  Garvin v. Bi-Lo, 
 Inc., 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001) (citation omitted); 
 see also Wintersteen v. Food Lion, Inc., 344 S.C. 32, 
 36, 542 S.E.2d 728, 730 (2001) (Storekeeper liability is founded upon the 
 duty of care a possessor of land owes to an invitee.).  A merchant does not 
 owe a duty to maintain its premises in such a condition that no accident could 
 happen to a patron.  See Denton v. Winn-Dixie Greenville, Inc., 
 312 S.C. 119, 120, 439 S.E.2d 292, 293 (Ct. App. 1993).  To recover damages 
 for injuries caused by a dangerous or defective condition on a storekeepers 
 premises, the plaintiff must show either (1) that the injury was caused by 
 a specific act of the respondent which created the dangerous condition; or 
 (2) that the respondent had actual or constructive knowledge of the dangerous 
 condition and failed to remedy it.  Garvin, 343 S.C. at 628, 541 S.E.2d 
 at 832 (citations omitted).
 Credit Union, as a merchant, 
 owed Vatick the duty of exercising ordinary care to keep its premises, including 
 its passageways, in a reasonably safe condition.  See Wintersteen, 
 344 S.C. at 36, 542 S.E.2d at 730 (stating that a merchant owes a duty to 
 keep aisles and passageways in a reasonably safe condition).  Therefore, under 
 the two part analysis set forth in Garvin, Vatick must present evidence 
 to prove either that her injury was caused by a specific act by Credit Union 
 which created a dangerous condition or that Credit Union had knowledge of 
 a dangerous condition and failed to remedy it.  See Garvin, 
 343 S.C. at 628, 541 S.E.2d at 832.  
 Vatick failed to present evidence to 
 satisfy the first part of the Garvin test, that her injuries resulted 
 from a specific act of Credit Union that created a dangerous condition.  Initially, 
 we note Vatick does not identify a particular hazard that proximately caused 
 her to fall.  Rather, she appears to imply the construction site in the entire 
 ATM area was hazardous.  While Credit Union initiated the construction work 
 on its premises, we do not find it created a dangerous condition.  Vatick 
 testified there was a narrow path to the ATM, but she did not state she 
 had any trouble walking along it.  Vatick also testified her view of the area 
 was unobstructed and that she noticed red cones in the area.  However, Vatick 
 did not state these cones were blocking the path and testified that she knew 
 this indicated she should be cautious.  Further, while Vaticks testimony 
 seems to imply the addition of an extra step leading up to the ATM caused 
 her to fall, Vatick testified she noticed the path had two steps and successfully 
 navigated the steps on her way to the ATM.  This court has found a merchant 
 was not liable when a customer was injured after failing to step over a clearly 
 visible and unobstructed object.  See Denton, 312 S.C. at 121-22, 
 439 S.E.2d at 294 (finding the store was not liable when the patron testified 
 she saw the clearly visible concrete dividers in the parking lot but that 
 she was preoccupied and tripped over one of the dividers).  Finally, Vatick 
 suggests that the lack of railings along the path and steps created a dangerous 
 condition; however, because we find the construction, path, and step did not 
 create a dangerous condition as they existed, this argument is without merit.
 Vatick also failed to present evidence 
 to satisfy the second part of the Garvin test, that Credit Union had 
 actual or constructive knowledge of the dangerous condition and failed to 
 remedy it.  Vatick appears to argue Credit Union should have known, by virtue 
 of performing construction in the ATM area, that a dangerous condition could 
 have resulted.  However, Vatick failed to establish that a dangerous condition 
 did result or that Credit Union had actual or constructive knowledge of any 
 such dangerous condition.  See id. at 121, 439 S.E.2d at 294 
 (Accidents may happen around . . . steps, escalators, and other raised structures.  
 This does not mean they are unreasonably dangerous or that a person exercising 
 due care would not have them on the premises.  They are, in fact, common structures 
 that a person taking reasonable care for his own safety would likely expect 
 and see while on the premises.).  By Vaticks own testimony, she did not 
 require any assistance to walk from the parking lot to the path through the 
 construction area, and up the two steps to the ATM.  Further, Vatick admitted 
 that she fell down after she left the ATM and was examining the new twenty-dollar 
 bill while walking to her car.
 It is axiomatic that one cannot prevail 
 on a negligence claim without proving a breach of duty.  Because Vatick cannot 
 prove Credit Union breached its duty to exercise ordinary care to keep its 
 premises in a reasonably safe condition, she cannot prevail on this negligence 
 action.  See Thomasko, 349 S.C. at 11-12, 561 S.E.2d at 599.  
 Accordingly, the trial court did not err in granting Credit Unions motion 
 for a directed verdict.
 CONCLUSION 
 Based upon the foregoing, the trial 
 courts grant of Credit Unions motion for a directed verdict is 
 AFFIRMED.
 HEARN, C.J., ANDERSON and BEATTY, 
 J.J., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 [2] Vaticks daughter, who was a Credit Union employee at the time of 
 the accident, testified there was construction at the site in order to erect 
 a new drive-up ATM and eliminate the walk-up ATM.