**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Frankie Orr, Respondent,

v.

Greenville Hospital System, Appellant.

Appellate Case No. 2013-002583

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2015-UP-308
Heard June 4, 2015 – Filed June 24, 2015

**REVERSED**

J. Ben Alexander and Kenneth Norman Shaw, both of
Haynsworth Sinkler Boyd, P.A., of Greenville, for
Appellant.

Randall Lee Chambers, of The Chambers Law Firm, of
Greenville, for Respondent.

**PER CURIAM:** In this civil appeal, Greenville Hospital System (GHS) argues
the circuit court erred in denying its motions for directed verdict and judgment
notwithstanding the verdict because Frankie Orr failed to submit any evidence in

support of her allegation that GHS's negligence caused her injuries. We agree and reverse pursuant to Rule 220(b), SCACR, and the following authorities: *Singleton v. Sherer*, 377 S.C. 185, 200, 659 S.E.2d 196, 204 (Ct. App. 2008) ("To establish negligence in a premises liability action, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) defendant's breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty."); *id.* at 202, 659 S.E.2d at 205 ("[T]he owner of property owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from the breach of such duty." (citing *Larimore v. Carolina Power & Light*, 340 S.C. 438, 444, 531 S.E.2d 535, 538 (Ct. App. 2000))); *id.* ("[A]n invitee enters the premises with the implied assurance of preparation and reasonable care for his protection and safety while he is there." (citations omitted)); *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001) ("To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it." (citations omitted)); *Pringle v. SLR, Inc. of Summerton*, 382 S.C. 397, 404, 675 S.E.2d 783, 787 (Ct. App. 2009) ("The showing that a defendant created a condition that led to a plaintiff's injury is not, however, sufficient to survive a summary judgment motion unless there is evidence that[,] in creating the condition, the defendant acted negligently."); *Snow v. City of Columbia*, 305 S.C. 544, 555, 409 S.E.2d 797, 803 (Ct. App. 1991) ("[The] burden of proof [for negligence] cannot be met by relying on the theory that the thing speaks for itself or that the very fact of injury indicates a failure to exercise reasonable care. No inference of negligence arises from the mere fact of injury." (citations omitted)).

**REVERSED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**