**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rebecca Jackson, Appellant,

v.

OSI Restaurant Partners, LLC, Outback Steakhouse of South Carolina, Inc., Outback Steakhouse of Florida, LLC, Private Restaurant Properties, LLC, Private Restaurant Master Lessee, LLC, each d/b/a Outback Steakhouse, Respondents.

Appellate Case No. 2014-001861

———————

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-408
Heard May 4, 2016 – Filed September 14, 2016
Withdrawn, Substituted and Refiled December 7, 2016

———————

**REVERSED AND REMANDED**

———————

L. Lisa McPherson and Melissa Garcia Mosier, both of McWhirter Bellinger & Associates, PA, of Lexington, for Appellant.

Christian Stegmaier, Claude Townsend Prevost, III, Meghan Hazelwood Hall, and Kerri Brown Rupert, all of

Collins & Lacy, PC, of Columbia, for Respondents.

**PER CURIAM:** Rebecca Jackson appeals the trial court's grant of summary judgment in favor of OSI Restaurant Partners, L.L.C.; Outback Steakhouse of South Carolina, Inc.; Outback Steakhouse of Florida, L.L.C.; Private Restaurant Properties, L.L.C.; and Private Restaurant Master Lessee, L.L.C. each d/b/a Outback Steakhouse (collectively Respondents) on her claim for negligence arising from her fall outside of the restaurant. We reverse and remand.

We agree with Jackson the trial court erred in holding Respondents did not owe her a duty of care. *See Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999) ("The court must determine, as a matter of law, whether the law recognizes a particular duty."); *Sims v. Giles*, 343 S.C. 708, 718, 541 S.E.2d 857, 863 (Ct. App. 2001) ("The owner of property owes to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty."); *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001) ("A merchant is not an insurer of the safety of his customer but owes only the duty of exercising ordinary care to keep the premises in reasonably safe condition."); *id.* ("To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it."); *Pringle v. SLR, Inc. of Summerton*, 382 S.C. 397, 404, 675 S.E.2d 783, 787 (Ct. App. 2009) ("The showing that a defendant created a condition that led to a plaintiff's injury is not, however, sufficient to survive a summary judgment motion unless there is evidence that in creating the condition, the defendant acted negligently."); *Elledge v. Richland/Lexington Sch. Dist. Five*, 352 S.C. 179, 186, 573 S.E.2d 789, 793 (2002) ("[T]he general rule is that evidence of industry safety standards is relevant to establishing the standard of care in a negligence case."); *id.* ("This kind of evidence is admitted not because it has 'the force of law,' but rather as 'illustrative evidence of safety practices or rules generally prevailing in the industry.'" (quoting *McComish v. DeSoi*, 200 A.2d 116, 121 (N.J. 1964))); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."). Here, the parties agree Jackson was an invitee. Thus, Respondents owed her a duty to keep

the premises in a reasonably safe condition.  Respondents' expert admitted the slope of the side flares exceeded code limits.  In addition, the measurements at the top of the ramp showed the running slope exceeded the allowed slope of 12.5% for the general population.  We find Jackson presented at least a scintilla of evidence the curb ramp upon which she fell was a dangerous condition.  Accordingly, we hold the trial court erred in granting Respondents summary judgment on Jackson's negligence claim.[1]

**REVERSED AND REMANDED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1]We decline to address Respondents' argument concerning proximate cause.  *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds."); *id.* ("An appellate court may not rely on Rule 220(c), SCACR, . . . when the court believes it would be unwise or unjust to do so in a particular case.").