**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Priscilla Peterkin, Appellant,

v.

Bummz Beach, LLC, City of Myrtle Beach, and Bummz
on the Beach, Inc., Individually and d/b/a Bummz on the
Beach Cafe, Defendants,

of which Bummz on the Beach, Inc., individually and
d/b/a Bummz on the Beach Cafe, is the Respondent.

Appellate Case No. 2021-000803

———————————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-144
Submitted April 1, 2024 – Filed May 1, 2024

———————————

**AFFIRMED**

———————————

Deyaska Spencer Sweatman, of Deyaska Spencer Law
Firm, LLC, of Columbia, for Appellant.

Roopal S. Ruparelia, Sarah P. Spruill, and Charles Epps
Ipock, all of Haynsworth Sinkler Boyd, PA, of
Greenville, for Respondent.

———————————

**PER CURIAM:** Priscilla Peterkin appeals a circuit court order granting summary judgment to Bummz on the Beach, Inc., individually and d/b/a Bummz on the Beach Cafe (Bummz). On appeal, Peterkin argues the circuit court improperly ruled her affidavit to be a sham, and it improperly granted Bummz's motion for summary judgment because there was sufficient evidence to create a jury question. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion by excluding Peterkin's affidavit after determining it was a sham. *See McMaster v. Dewitt*, 411 S.C. 138, 144, 767 S.E.2d 451, 454 (Ct. App. 2014) (holding in reviewing a circuit court's decision to exclude a sham affidavit, our court uses an abuse of discretion standard); *Cothran v. Brown*, 357 S.C. 210, 218, 592 S.E.2d 629, 633 (2004) (finding the court must consider "(1) whether an explanation is offered for the statements that contradict prior sworn statements; (2) the importance to the litigation of the fact about which there is a contradiction; (3) whether the nonmovant had access to this fact prior to the previous sworn testimony; (4) the frequency and degree of variation between statements in the previous sworn testimony and statements made in the later affidavit concerning this fact; (5) whether the previous sworn testimony indicates the witness was confused at the time; (6) when, in relation to summary judgment, the second affidavit is submitted"). In her deposition, Peterkin stated she was "not absolutely sure" what caused her fall and she could not say that the fall was caused by the palm tree bush, which was owned and maintained by Bummz. In her later filed affidavit, she stated she "tripped and fell on a piece of raised concrete directly in front of the restaurant" and "[s]ince it was both dark, and because a Bummz palm tree bush was hanging over the raised concrete [she] couldn't see the danger and [she] tripped." Peterkin's affidavit did not give an explanation as to the contradiction between her affidavit and her deposition for the cause of her fall. Second, the fact in contradiction, what caused Peterkin to fall, was the main dispute in the case and the question in issue in deciding whether summary judgement was proper. Next, Peterkin had access to all of the facts set forth in her affidavit regarding the circumstances and condition of her fall at the time of her deposition. Peterkin stated that she was not sure what caused her fall multiple times throughout her deposition; however, she stated the fall was caused by the palm tree bush blocking her view of the "danger" of the "raised concrete" only once and only in her affidavit. Finally, Peterkin's affidavit did not allege she was confused during her deposition and her deposition testimony did not indicate she was confused at that time. Accordingly, we hold the circuit court properly exercised its discretion in finding the affidavit was a sham based on the *Cothran* guidelines.

We hold the circuit court did not err in granting Bummz's motion for summary judgment. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the [circuit] court . . . ."); Rule 56(c), SCRCP (explaining a party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").  Viewing the evidence in the light most favorable to Peterkin, we conclude Peterkin did not show a reasonable inference from the evidence that her fall was caused by a specific act of Bummz that created a dangerous condition or that Bummz had actual or constructive knowledge of the dangerous condition and failed to remedy it.  *See Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 461, 892 S.E.2d 297, 300 (2023) (stating a party opposing the motion must "show a 'reasonable inference' to be drawn from the evidence"); *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001) (holding a plaintiff must prove "either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it").  Peterkin stated multiple times in her deposition that she was unable to say what caused her fall. When she did explain what caused it, she stated she fell because of a "crack" in the concrete sidewalk, which was owned and maintained by the City of Myrtle Beach, and denied that her fall was caused by an overgrown palm tree bush, which was owned and maintained by Bummz.  Moreover, it was undisputed that Bummz was not the owner of the sidewalk and did not have a duty to maintain it.  Peterkin did not provide an expert opinion, outside testimony, or other evidence to show Bummz created the dangerous condition or had a duty to remedy it.  Accordingly, we hold the circuit court did not err in granting Bummz's motion for summary judgment.

**AFFIRMED.**[1]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.