**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Koffi Thomas, Appellant,

v.

The TJX Companies, Inc., d/b/a TJ Maxx #399, Respondent.

Appellate Case No. 2023-000146

———————

Appeal From Richland County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-094
Submitted February 1, 2025 – Filed March 19, 2025

———————

**AFFIRMED**

———————

Paige B. George and Barry B. George, both of Law Office of Barry B. George, of Columbia, for Appellant.

Ronald Barton Diegel and Zachary B. Randolph, both of Murphy & Grantland, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Koffi Thomas appeals the circuit court's order granting summary judgment in favor of The TJX Companies, Inc. d/b/a TJ Maxx #399 (TJX). Thomas argues the circuit court erred in granting summary judgment because she submitted a mere scintilla of evidence establishing the existence of a genuine issue

of material fact as to TJX's negligence and whether the bench she fell off at a TJX-owned store was a dangerous and hazardous condition.  We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Thomas, we hold the circuit court did not err by granting summary judgment in favor of TJX when Thomas failed to establish a genuine issue of material fact as to whether TJX created a dangerous condition or that it had knowledge of a dangerous condition and failed to remedy it.[1]  *See Singleton v. Sherer*, 377 S.C. 185, 196, 659 S.E.2d 196, 202 (Ct. App. 2008) ("[S]ummary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (quoting *Pittman v. Grand Strand Entm't, Inc.,* 363 S.C. 531, 536, 611 S.E.2d 922, 925 (2005))); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Singleton*, 377 S.C. at 197, 659 S.E.2d at 202 ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party.").  As an invitee, Thomas was required to present evidence showing her injury was caused by a specific act of TJX creating a dangerous condition or that TJX had actual or constructive knowledge of a dangerous condition and failed to remedy it.  *See*

---

[1] We note the circuit court applied the mere scintilla of evidence standard under *Hancock v. Mid-South Management Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009); however, our supreme court overruled this standard in *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 464, 892 S.E.2d 297, 301 (2023), the year after the circuit court decided this case.  We decide this case by applying the genuine issue of material fact standard as set forth under *Kitchen Planners, LLC*.  *See id.* at 463, 892 S.E.2d at 301 ("[T]he proper standard [under Rule 56(c) of the South Carolina Rules of Civil Procedure] is the 'genuine issue of material fact' standard set forth in the text of the Rule."); *see also Gray v. Club Grp., Ltd.,* 339 S.C. 173, 183-84, 528 S.E.2d 435, 440-41 (Ct. App. 2000) (finding a circuit court's application of the wrong standard of review was harmless when the application of the correct standard of review produced the same result).

*Singleton*, 377 S.C. at 199, 659 S.E.2d at 203 ("[A] business visitor is an invitee whose purpose for entering the property is either directly or indirectly connected with the purpose for which the property owner uses the land."); *id.* at 202, 659 S.E.2d at 205 ("Generally, the owner of property owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from the breach of such duty."); *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001) ("To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it.").

First, we find Thomas failed to establish a genuine issue of material fact as to whether the bench constituted a dangerous condition. *See Shain v. Leiserv, Inc.*, 328 S.C. 574, 576, 493 S.E.2d 111, 112 (Ct. App. 1997) (providing when a plaintiff shows the defendant created the condition at issue in a negligence action, "the key question is whether [the plaintiff] presented sufficient evidence to create an issue of fact as to whether this condition was indeed hazardous"). In her deposition testimony, Thomas explained the bench "slipped up under from up under [her]," sliding to the right and causing her to fall. She testified the bench was not secure, did not have a back or sides, and the wall was holding the bench up. Although Thomas testified the bench was not secure, she failed to present any evidence or testimony specifically showing in what way the bench was not secure or what measures TJX should have taken to secure the bench in an appropriate manner. Further, the surveillance video showed the bench did not tip over when Thomas fell, and Thomas confirmed the video fairly and accurately captured the incident. Moreover, Thomas sat down on the bench without incident after her initial fall. This evidence is similar to the evidence presented by the plaintiff in *Garvin*. In *Garvin*, our supreme court held the circuit court's grant of summary judgment was proper when the plaintiff failed to present evidence showing the defendant created a dangerous condition on its premises. 343 S.C. at 628-29, 541 S.E.2d at 832-33. The plaintiff was injured when cans from a grocery store display fell and hit her. *Id.* at 627, 541 S.E.2d at 832. Our supreme court found that "[a]bsent evidence of some defective manner of stacking the boxes, or that [defendant] was on notice that the stacked cans had become rickety, there is simply no evidence from which a jury could find a dangerous condition was created by [defendant]." *Id.* at 628-29, 541 S.E.2d at 833. Specifically, it found evidence showing: "1) the cans were stacked in their original boxes at the end of an aisle, 2) the cans were stacked above [plaintiff]'s height of 5′2″ tall, and 3) the cans were

put on sale at four for one dollar" was "insufficient, as a matter of law, to demonstrate the store created a dangerous condition." *Id.* at 628, 541 S.E.2d at 833.

Additionally, any danger inherent in a bench owing to its design—lacking sides and a back—does not create a dangerous condition under a negligence analysis, rather it is a common item that requires a person take reasonable care for his own safety in its use. *See e.g., Denton v. Winn-Dixie Greenville, Inc.*, 312 S.C. 119, 121, 439 S.E.2d 292, 294 (Ct. App. 1993) ("Accidents may happen around [grocery cart corrals, speed bumps, curbing, or concrete dividers] as they do on steps, escalators, and other raised structures. This does not mean they are unreasonably dangerous or that a person exercising due care would not have them on the premises. They are, in fact, common structures that a person taking reasonable care for his own safety would likely expect and see while on the premises."). Accordingly, we find Thomas failed to present any evidence showing TJX created a dangerous condition. *See Singleton*, 377 S.C. at 202, 659 S.E.2d at 205 ("Generally, the owner of property owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from the breach of such duty.").

Second, even assuming the bench was a dangerous condition, we hold Thomas failed to present any evidence showing TJX had knowledge of a dangerous condition and failed to remedy it. In her deposition testimony, Thomas confirmed she was unaware of any evidence showing the store had knowledge of the bench moving or sliding prior to or after her fall. Based on the foregoing, we hold the circuit court's grant of summary judgment was proper when Thomas failed to establish a genuine issue of material fact as to whether TJX created a dangerous condition or that it had knowledge of a dangerous condition and failed to remedy it. *See Garvin*, 343 S.C. at 628, 541 S.E.2d at 832 ("A merchant is not an insurer of the safety of his customer but owes only the duty of exercising ordinary care to keep the premises in reasonably safe condition.").

As to the TJX health and safety guidelines, we hold they did not create a duty exceeding that of a property owner's common law duty of exercising reasonable or ordinary care for the safety of an invitee. *See Singleton*, 377 S.C. at 202, 659 S.E.2d at 205 ("Generally, the owner of property owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from the breach of such duty."); *cf. Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 136, 638 S.E.2d 650, 657 (2006) ("[I]t has long been the law that one who assumes to act, even though under no obligation to do so, thereby becomes obligated to act with due care."). Accordingly, Thomas's

argument that the guidelines automatically created a genuine issue of material fact is without merit.[2]

**AFFIRMED.**[3]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[2] In light of our disposition, we decline to address Thomas's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.